The action stood continued for advisement, and at this term, the opinion of the Court (except the Chief Justice, who did not sit in the cause) was delivered by
Sedgwick, J.
[After reciting the facts.] As the plaintiff had notice in Boston of the protest for non-acceptance sixteen days before it was communicated to the defendant in Portsmouth, there is evidence of loches, which, if not satisfactorily accounted for, are sufficient to preclude the plaintiff from a right to recover in this action. This the plaintiff says he has done by the evidence that Ham, the drawer, before the bill came back protested, had failed ; that between the 20th of February and the 8th of March, 1804, he stopped payment; that on the 14th of April following, he left the country, and has not since returned ; that on the 10th of June following, his household furniture was attached, and afterwards sold at auction ; and that on the 2d of March in the same year, his farm, and stock were attached, and afterwards taken in execution.
[ * 347 ] * Whatever effect this evidence might have, if the *305 action was between the payee and drawer of a bill of exchange, we all think that it cannot avail in this case between the endorsee and endorser of a foreign bill.
The drawer of a bill ought to know his relation to the drawee; and when he draws, he undertakes that the drawee shall duly honor the bill. But in the case of an endorser, he does not know, and cannot know, the relation between the drawer and the drawee; and the substance of the obligation he assumes is, that if the endorsee shall use due diligence to obtain the money from the drawee, and is not able to do it, and shall also use due diligence in giving notice thereof to the endorser, that he will pay the amount of the bill and damages. And we can find no case, in which loches, in either respect, have not been adjudged to discharge the endorser. And the reason, as I conceive, is, because, by the legal construction of the contract, an endorsee does not undertake to pay, but upon there having been due diligence used in the application to the drawee, and in giving notice of his failure to honor the bill.
But it is said that there is evidence in this case sufficient, if the jury believed it, to establish the facts, that the defendant had waived an objection, which he might otherwise have had, to the plaintiff’s right to recover, and had promised to pay the money.
What a man says under the surprise of a sudden and unexpected demand for money ought tobe construed with a good deal of strictness. And in this case we are all satisfied that what the defendant said of paying money, from the payment of which he was discharged by law, ought not to bind him. There was, in fact, no good consideration for the promise.

We are all of opinion that there must he a new trial.