### THE PRESIDENT, &c. OF THE BANK OF CHENANGO,
*against* ROOT AND KEELER.

An attorney,
sued with a
common per-
son, is not enti-
tled to be serv-
ed with the
papers in the
cause, if he
give no notice
of defending.
Whether two
joint endorsers,
not partners,
must both have
notice in order
to charge ei-
ther? Quære.
The court in-
timated strong-
ly that they
must, but the
point was not
finally deci-
ded.

THE defendant, Root, an attorney, being sued with
another by *capias*, the plaintiff had proceeded to judgment
against him, as a common person, by filing the declaration,
and affixing notices, &c, in the Clerk's office, &c. He had
given no notice of appearance to the plaintiff's attorney, either
in his own name, or that of any other attorney, nor that he
should defend the cause. On this state of facts, the defend-
ant had given notice of a non-enumerated motion to set
aside the default for irregularity. The affidavits in oppo-
sition to the motion gave the same history, and went on to de-
tail other particulars, viz : that the action was against Root
and Keeler as endorsers of a promissory note made payable
to them jointly, and endorsed with their hands and names
respectively. Root had received a regular notice as endor-
ser ; but Keeler had not ; in consequence of which a ver-
dict had been found for him. A rule for judgment by de-
fault, &c. had been entered against Root.

*Talcott*, (Attorney General,) moved to set aside the proceedings for irregularity.

The first ground he took was, that the papers should have been served on Root in the same manner as upon an attorney retained in the cause, and he cited *Brown* v. *Childs*, (17 John. Rep. 1.)

*J. A. Collier*, contra, said the rule did not apply to an attorney sued with others. It never prevailed even in England, where an attorney's privilege is much greater than here.

[SUTHERLAND, J. We have decided to the same effect, over and over again.]

[WOODWORTH, J. The being joined with common persons, as defendant in the same process, takes away the attorney's privilege. This we have often decided.$(a)$]

*Talcott.* This is true as to the service of the writ; but I am not aware that the rule has been extended to the service of subsequent papers. This does not depend on the common law, but on the practice of the Court.

He next took the ground that here could be no judgment for the plaintiff, upon the whole record. The contract of the defendants was joint; and a verdict for one is equivalent to a verdict for both. The note was payable to them jointly, and their endorsement was, in its very nature, joint. The plaintiff must succeed against all or none, the contract being entire. (Tidd's Pract. 803–4, and the cases there cited.)

*Collier* said this point could not be raised on a non-enumerated motion. If the defendant relies upon the proceedings at the Circuit, he should bring the matter up by a motion in arrest, or at any rate wait till the coming in of the *postea*. But,

*The Court* said they would hear the motion on its merits, and consider of the preliminary point.

(a) Vid. *Gay* v. *Rogers and Wait*, 3 Cowen's Rep. 368.

[WOODWORTH, J. said it came to the simple question, whether you can maintain an action against one of two joint endorsers, if notice be not given to the other.]

*Collier.* Root cannot complain of a judgment against him. He received notice, and was duly charged as endorser. The condition of his endorsement was, " give *me* notice."

[WOODWORTH, J. " Give *us* notice."]

*Collier.* I put the case of a second endorser. He cannot complain that no notice was given to the first.

[SUTHERLAND, J. Your case is of several endorsements. Would the property of this note have passed by the separate endorsement of either Root or Keeler ?]

*Collier.* It would not.

[SUTHERLAND, J. Does not this show a joint notice necessary ?]

*Collier.* I think not.

[WOODWORTH, J. Each of the defendants stands upon the joint rights of both.—]

[SUTHERLAND, J. Like joint obligors in a bond. If one be discharged, you cannot go against the other.]

[WOODWORTH, J. If you are right, then you should have had a verdict and judgment against Keeler. The notice to Root would have been sufficient for both.]

*The Attorney General,* said that *Carvick* v. *Vickery,* (2 Doug. 653, note,) had been overruled.

At another day,

*The Court* said they were clear that the defendant Root, having given no notice that he would appear and defend the cause, and being joined with others, might be treated as a common person. As to the other branch of the motion, they

thought it true, as a general proposition, that a notice to one of two joint endorsers, they not being partners, would not affect the other ;(b) but they would not now decide the point. The facts on which that objection was grounded, principally came out in the plaintiff's affidavits, who was probably not anticipating the ground now taken ; and there might be circumstances to take the case out of the general rule. If there were any such, he should have a fair oppo'rtunity to show them. Besides, all the facts appear of record, and the defendant might, and perhaps properly should have brought up the matter by way of motion in arrest of judgment. They denied the motion, but without costs.

(b) Vid. Chit. on Bills, Phil. ed. 1821, p. 159, 297, and the cases there cited.