By the Court. Vanderpoel, J.
It is contended in behalf of the defendant, that no sufficient evidence was given of a demand of payment from the acceptor of the bill in England, to render the defendant liable as indorser. The statute gives the notary’s certificate as a substitute for his personal testimony at the trial. (2 R. S. 212, § 46, 2d ed.)
The bill was directed to H. O. Collard, No. 18 Chapel Walks, Liverpool. The notary says in his certificate, that on the 30th day of October, 1847, he did, at the request of the holders, attend to exhibit the bill of exchange, at the office of H. O. Collard, at No. 18 Chapel Walks, Liverpool, for the purpose of demanding payment thereof, (stating in parenthesis, that the time limited for the payment thereof had expired ;) when he found the office door closed, and no person there to give an answer respecting the said bill. The demand was made at the place which the bill itself indicated as the drawee’s residence or place of business. It was directed to him at the place where the demand was made, and although the certificate of the notary does not state the time of day when demand of payment *170 was made, yet it is not, as against this official act, to be presumed to have been made at an unseasonable hour.
In The Cayuga Co. Bank v. Hunt, (2 Hill, 635,) the notarial certificate of a protest of a bill of exchange, stated a presentment for payment at the office of the acceptor on the proper day, and that the office was closed, but was silent with respect to the hour of doing the act; yet it was held sufficient, as regularity in this particular should be presumed. We say here, as Justice Cowen said in that case, the certificate in fair construction, imports a presentment of the bill during the proper hours of business. These, except where the paper is due from a bank, generally range through the whole day, and in the evening till bed time. (Cayuga Co. Bank v. Hunt, 2 Hill, 635 ; Wilkins v. Jadis, 2 Barn. & Adol. 188.) In the latter case, it was held, that presentment of a bill of exchange for payment at a house in London, at eight o’clock in the evening of the day when it becomes due, is sufficient to charge the drawer; although at that time, the house was shut up, and there was no person there to pay the bill. Lord Tenterden says, that as to bankers, it is established with reference to a well known rule of trade, that a presentment out of the hours of business is not sufficient; but that in other cases the rule was, that it must be presented at a reasonable hour, and that eight o’clock in the evening was not an unreasonable hour. We hold the certificate here to be sufficient evidence of a presentment of the bill for the purpose of demanding payment.
2. It is contended, that no notice of protest sufficient to charge the defendant as indorser, was given. The judge charged the jury, that notice of the dishonor of the bill, if given on the 22d of November, was sufficient and in time, but that if given on the 24th of November, it was not sufficient; and in that case, the plaintiff could not recover, unless the jury found that the defendant had promised to pay the bill with a knowledge that the notice was not in time. The jury found for the plaintiff. The defendant positively promised to pay the bill, not once, but twice. He seemed to be informed of its return, before the agent of the plaintiff disclosed the fact to him; for as soon as the witness opened the door, the defendant said, “ Well, *171 that thing has come back.” The bill of parcels was handed to him, and two or three days afterwards, upon being applied to for the amount, he promised to pay it. Afterwards he called at the plaintiff’s office, and again promised to pay it. The bill of parcels sufficiently informed him of the ground on which the demand was made, and we cannot under the evidence in the case, hold that he was not fully cognizant of every fact necessary to render his unqualified promises to pay binding. Without intending to imply that any pre-requisite, necessary to render the defendant liable as indorser, has not been complied with, we would, if there had been any non-compliance with such pre-requisites, find it difficult to hold that the defendant made his promises to pay in ignorance of such omissions. After carefully looking at the evidence in this case, and the verdict of the jury, we deny the motion for a new trial.