## James M. Matthews *vs.* Henry Allen.

An oral promise by the indorser of a promissory note to pay the same, made, without being misled, after maturity of the note, and with a knowledge that there has been no demand for payment upon the maker, or notice of nonpayment given to himself as indorser, and of all other material facts, is a waiver of the want of demand and notice, and renders him liable on the note without a new consideration, although the note is payable on demand, and he does not know that upon such a note the law required demand and notice.

The indorser of a promissory note made by a corporation, of which he was treasurer for more than a year before it was made, and who is sought to be charged, without proof of demand and notice, upon the ground that he had promised to pay it after it was due, has no ground of exception to an expression of opinion by the presiding judge to the jury, that the defendant, being treasurer of the corporation, must be presumed to have had knowledge that no demand had been made or notice given.

ACTION OF CONTRACT upon a promissory note, payable on demand, made to the plaintiff by the Brown and Allen Pianoforte Company, a corporation of which the defendant was treasurer, and by him indorsed.

At the trial in the superior court of Suffolk at May term 1859, before *Allen,* C. J., it was admitted that payment of the note had never been demanded of the maker, and no notice of its dishonor given to the defendant. But the plaintiff introduced evidence tending to prove that at several interviews with the plaintiff, more than sixty days after the making of the note, and with full knowledge of these facts, the defendant promised to pay it; and that he had been treasurer of the corporation for more than a year before the note was made. The defendant testified that he never made the alleged promises, and that at the time of the interviews with the plaintiff, at which they were claimed to have been made, he was not aware of the law requiring demand and notice in the case of notes like the one in suit. The judge instructed the jury, " that if the defendant, with the knowledge of the fact that no demand for payment had been made on the maker, and no notice of nonpayment had been given to the defendant as indorser, and with a knowledge of all the material facts, and without being misled by the plaintiff in any particular, promised the plaintiff to pay the note in suit, long after the expiration of sixty days from its

date, he cannot now take advantage of the want of demand and notice, on the ground of ignorance of the state of the law; and that the original consideration would be sufficient to sustain a new promise."

Upon the question of fact, whether the defendant had or had not knowledge of the want of demand and notice, (which was not discussed by counsel to the jury,) the judge expressed an opinion to the jury that the defendant, being the treasurer of the company, must be presumed to have knowledge that no demand had been made or notice given.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. A. Ranney,* for the defendant, besides cases cited in the opinion, referred to 1 Parsons on Con. 363; Edwards on Bills, 650; Chit. Bills, (10th Amer. ed.) 507, note; *Low* v. *Howard,* 11 Cush. 268; *Cabot* v. *Haskins,* 3 Pick. 83; *Silvernail* v. *Cole,* 12 Barb. 685; *North* v. *Forest,* 15 Conn. 400; *Cook* v. *Bradley,* 7 Conn. 62; *Otis* v. *Hussey,* 3 N. H. 346.

*H. F. Durant & G. H. Preston,* for the plaintiff, cited also Story on Notes, §§ 274, 275, 362; Story on Bills, §§ 327, 373; Chit. Bills, 500 – 503; 3 Kent Com. (6th ed.) 147, 148; *Van Derveer* v. *Wright,* 6 Barb. 547.

CHAPMAN, J.  The first ruling of the court to which exception is taken was in conformity with the English authorities, and also with those of New York and New Hampshire. Chit. Bills, (10th Amer. ed.) 503 & note.    *Tebbetts* v. *Dowd,* 23 Wend. 386. *Edwards* v *Tandy,* 36 N. H. 540.

But there are three early cases in Massachusetts which are often cited as establishing a contrary doctrine, as well in respect to ignorance of the law, as to the consideration for the waiver.    *May* v. *Coffin,* 4 Mass. 341.    *Warder* v. *Tucker,* 7 Mass. 449.    *Freeman* v. *Boynton,* 7 Mass. 483.    In neither of those cases does there appear to have been a thorough discussion of either of these points, and the court evidently intended to decide according to the English authorities.

A few years later, in *Hopkins* v. *Liswell,* 12 Mass. 54, after citing those cases, the court say that all the cases show only

that the subsequent promise, to be binding, must be made with a knowledge of the want of compliance with the necessary formalities; but with that knowledge, there is no doubt that such a promise is binding. It would seem from this that they did not interpret their former decisions so broadly as others have done.

In *Martin* v. *Ingersoll*, 8 Pick. 1, the earlier cases were not cited; but the court held the indorser liable, on the ground that his waiver was made without any misapprehension of the facts. It is true that no pretence of misapprehension of law was there made, so that the effect of such an error was not considered. In *Creamer* v. *Perry*, 17 Pick. 332, Shaw, C. J. states the law to be that if an indorser, knowing that there has been no demand and notice, and conversant with all the circumstances, will promise to pay the note, it is to be deemed a waiver. In *Low* v. *Howard*, 10 Cush. 159, the defendant prevailed, because his waiver was made in ignorance of material facts; but in stating the legal principle applicable to the case, the chief justice stated, in substance, that a waiver made with knowledge of all the material facts is valid.

The maxim, *Ignorantia legis non excusat*, merely holds men to a just responsibility for their acts, and there is no reason for making this case an exception to it. " Every man must be taken to be cognizant of the law; otherwise, there is no saying to what extent the excuse of ignorance might be carried. It would be urged in almost every case." *Bilbie* v. *Lumley*, 2 East, 472. And a waiver is binding, as a general rule, without any distinct consideration. In view of all the authorities and principles applicable to the subject, we are of opinion that the ruling was correct, and that the earlier decisions of this court, so far as they state a contrary doctrine, cannot be sustained.

The opinion expressed by the presiding judge, in regard to the presumption of knowledge by the defendant in respect to the demand and notice, is to be regarded as an opinion relative to the weight of the evidence, and therefore not subject to exception. The principal objection to it is, that it is very strongly expressed.            *Exceptions overruled.*