Cole, Ch. J.
1. promissory note:waiver. This cause was tried to the court and no finding of facts was made, but simply a general finding for the plaintiff. This finding must have the same effect as a general verdict of a jury. The testimony is before us. It shows that the note was only presented for payment to one of the two joint and several makers. As to this fact there is no controversy. Whether due notice of the presentment to the one for payment, and his refusal, and the protest therefor, was given to the defendant, is not clear from the testimony. The conflict in the testimony, and the doubt arising thereon, is such as would deter us from setting aside the verdict of a jury, although our own inclination would be to find the other way upon this as an independent fact. But the plaintiff and one witness testify to the promise by defendant to pay the note to plaintiff, after the protest, and after defendant’s knowledge of the facts respecting the demand and notice, and the defendant himself testifies: “ I said to Allen I was morally bound to pay the note, but these parties were good, and if they did not pay it, I would.” The promise as proven is binding, and removes the effect of any negligence in making the demand, or in giving the notice. Sigerson v. Mathews, 20 How. (U. S.) 496; 1 Pars, on Bills and Notes, 594-597, and authorities cited in notes l, m, n, etc.
*362 2. — demand makers. *361 The general finding for the plaintiff by the court upon the whole evidence is satisfactory to us and effectually dis *362 poses of the ease. < But the counsel for appellant has ably presented, and relies with apparent confidence upon, the legal proposition, that a demand upon one of two makers is not sufficient. We have given our attention to this proposition, and find but two cases directly in point. Harris v. Clark, 10 Ohio, 5, was decided in 1840, and the supreme court of Ohio then held that such demand was good and sufficient. The other ease is the Union Bank v. Willis, 8 Met. 504, which was decided in 1844, and holds the contrary doctrine, that such demand is not sufficient. Both courts admit the difficulty in arriving at a satisfactory conclusion, and alike say that they find no reported case directly in point. The supreme court of Massachusetts refer to Shepherd v. Hawley, 1 Conn. 367, in which it was held that where a note payable to two was indorsed by them severally, and in their individual names, each was entitled to notice of nonpayment in order to bind him. The same rule was held in Willis v. Green, 5 Hill, 232. See also Bank of Chenango v. Root, 4 Cow. 126; Sayre v. Friek, 7 Watts & Serg. 383; Dabney v. Stidger, 4 Smedes & Marsh. 749. But these cases rule a different question, and not analogous to the proposition discussed. We confess the force of the argument used in the Ohio case, to wit: that if the rule was different, it would be impossible to charge indorsers when the makers lived so remote from each other as to render presentation for payment on the day of maturity impracticable. But it is said in a note to 1 Pars, on Notes and Bills, 363, that this impracticability might constitute an excuse. But see the same author on page 456 of the same volume, where he says, “ that mere distance is no excuse for non-presentment.” See, also, Story on Prom. Notes, § 239; Chitty on Bills (11th ed.), 367.'
Without assuming definitely to determine, even for ourselves, this question, as a rule for all cases, we should not *363 have much difficulty in disposing of the question for this case in accord with the doctrine of the Ohio supreme court; because the note in this case was payable in Ohio, and the presentment, protest and notice were there made. And it is a very well-recognized rule that the protest and notice should be according to the law of the place of payment, because it is there that the note is refused payment or dishonored. 2 Pars, on Notes and Bills, 3M. The note being payable in Ohio, it may well be presumed that the law of that State entered into the contemplation of the parties to it.
Affirmed.