FREEMAN v. O'BRIEN AND CASH.

1. **Promissory notes**: INDORSEMENT: WAIVER OF DEMAND. An agreement between the indorser and the indorsee of a note at the time of indorsement, that the maker should not be sued until he had time to pay or until the indorser should notify the indorsee to sue, does not waive the necessity of demand and notice, to fix an absolute liability upon the indorser.

2. ———: PROMISE BEFORE MATURITY: CONSTRUCTION. Agreements to waive demand and notice are always construed strictly; and a promise by the indorser before maturity that he would stand good for the payment of a note, does not imply that he intended to waive due presentment and notice of non-payment.

3. ———: PROMISE AFTER MATURITY. A promise to pay a note made by an indorser after maturity, may be a waiver of the objection of want of presentment and notice, but it must be clearly established and deliberately made, with a full knowledge of the facts.

4. ———: PLEADING: EVIDENCE. The party alleging a promise to pay by an indorser, made after maturity, must allege and prove that it was made with full knowledge of the fact that the promisor was released from all obligation to pay.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, JUNE 10.

THIS action is brought on a promissory note, against William O'Brien as maker and Michael Cash as indorser thereof. The defendant Cash demurred to the petition. The court sustained the demurrer and plaintiff appeals. The further facts are stated in the opinion.

*Williams & Ewing*, for appellant.

*Boal & Jackson*, for appellee.

MILLER, CH. J.—The note upon which suit is brought is negotiable. It is alleged that before the maturity thereof it was indorsed in blank by Michael Cash, the payee thereof, to the plaintiff, and that the indorser had notice of the dishonor of the same; that demand for payment was made and refused *after the note matured*, and that notice in writing of such demand was given to Cash about four years after the maturity of the note. It is further alleged in an amendment to the petition that plaintiff bought the note from Cash, paying him the full amount thereof; that at the time of the indorsement and transfer of the note it was orally agreed between the parties that "the plaintiff should not sue on said note but wait until defendant O'Brien could pay said note, or until Cash should give notice to commence action on said note;" that at numerous times between the transfer of the note and the commencement of this action, "Cash has notified plaintiff not to push or distress said O'Brien and at all times assured plaintiff that he as indorser would stand good for the payment of said

note;" that "on or about the time of the maturity of said note plaintiff gave notice of the same to O'Brien who nevertheless failed to pay the same"; that at or about the day of the commencing of this suit, Cash came to plaintiff and notified him that he would not stand good any longer for said note unless plaintiff should at once commence an action to recover the amount of said note, and on the same day plaintiff took steps to commence this action."

The court sustained a demurrer to the petition as amended, which ruling is assigned as error.

I.   It is conceded that the plaintiff did not, upon the maturity of the note, make due demand upon the maker of the note, and give due notice to the indorser of the failure to pay by the maker. It is claimed, however, that the indorser waived the necessity of demand and notice required by the commercial law in order to fix an absolute liability upon him, and that he is therefore liable, notwithstanding the failure to make due demand and give due notice.

1 PROMISSO-RY NOTE: indorsement: waiver of demand.

Appellant urges that the verbal agreement, alleged to have been made at the time of the transfer of the note to plaintiff, to the effect that plaintiff should not sue the maker, O'Brien, until he could pay or until the indorser should notify plaintiff to sue, operated as a waiver of demand and notice. It seems clear to us that this would be giving to this alleged agreement a meaning and effect far beyond its scope, and not within the contemplation of the parties. The agreement that suit was to be delayed, by no means exonerated the plaintiff from the duty of making demand upon the maker at the maturity of the note, and from giving the indorser due notice of default in payment. These acts were necessary to fix an absolute liability upon the indorser, and they could be done without infringing upon the agreement to delay suit on the note. There is no inconsistency between the agreement alleged and the duty to make demand and give notice.

The substance of the alleged agreement is that if, at the maturity of the note, the maker was not able to pay, the plaintiff was not to sue until he was able, or until the indorser

Freeman v. O'Brien and Cash.

gave notice that he should sue.   From the terms of the agreement it is reasonably clear that it was contemplated by the parties that demand of payment should be made upon the maker of the note at maturity, else how was it to be known whether he was able to pay or not.   It is equally clear that in case of the refusal of the maker to pay on demand, the indorser was, under the agreement, entitled to notice, so that he could determine whether or not to require the plaintiff to sue.

II.   It is further alleged that Cash constantly after the indorsement assured plaintiff that he would stand good for the payment of the note.   It is claimed that this agreement or assurance operated as a waiver of demand and notice.   Agreements of this sort are always construed strictly and are never extended beyond the fair import of the terms used.   *Berkshire B'k v. Jones*, 6 Mass., 524; *Central B'k v. Davis*, 19 Pick., 373; *Union B'k. v. Hyde*, 6 Wheat., 572; *May v. Coffin*, 4 Mass., 341; *Backus v. Shipherd*, 11 Wend., 629.   If the alleged assurance or promise to stand good was made prior to the maturity of the note, it would be an undue extension of its terms to hold that the indorser intended thereby to stand good for the payment of the note absolutely, notwithstanding plaintiff should fail to make demand and give him notice of non-payment.   An undertaking as follows:   " I do request that hereafter any notes that may fall due at the Union Bank, on which I am or may be indorser, may not be protested, as I will consider myself bound in the same nanner as if the same had been legally protested," was held in *Union Bank v. Hyde, supra,* to be so ambiguous and doubtful whether it was intended thereby to waive demand and notice, that further proof of such intention was required.   In that case there was doubt as to the intention of the party, and under the rule of strict construction further evidence was demanded.   In the case before us the language used does not approach near enough to a waiver to become doubtful.

Under the allegation in the petition the assurances or promises to stand good were made after the maturity of the note as

*2. ——: prom- ise before ma- turity: con- struction.*

well as prior thereto. It is well settled that an indorser of a
3.——:prom-  negotiable instrument may waive the objection of
ise after ma-
turity.     a want of due presentment and notice, by a prom-
ise to pay the same made after default, but in order to make
such a waiver binding "it must be clearly established and
deliberately made after a full knowledge of the facts," and it
will not be presumed or implied from doubtful circumstances,
or sudden acknowledgments, or hasty expressions. *Ballin v.
Betcke et al.*, 11 Iowa, 204; *Allen v. Harrak*, 30 Iowa, 363;
Story on Prom. Notes, § 275, and notes; 1 Parsons on Notes
and Bills, 601. The law will not infer that an indorser, who
promises to pay the note after maturity, had knowledge that it
was not duly presented. *Abbott v. Striblen*, 6 Iowa, on p. 197.
The party alleging the promise must also allege and prove
that it was made with a full knowledge of the fact that the
promisor was released from legal obligations to pay the same.
*Ballin v. Betcke et al., supra.* In the case before us there is
4.——:plead-  no allegation that the indorser, at the time of the
ing: proof.  alleged promises, made after the maturity of the
note, had knowledge that the note had not been duly presented
to the maker for payment at maturity and payment thereof
refused. There is indeed no allegation that he had any knowl-
edge whatever in respect to the fact of presentment. The
judgment of the Circuit Court will be

AFFIRMED.