## ISHAM v. McCLURE.

1. **Promissory Note**: INDORSER: WAIVER OF DEMAND AND NOTICE. The indorsement of a promissory note in blank, and an oral promise by the indorser to pay the note at maturity, would not constitute a waiver of demand and notice.

2. ——: ——: ——: ACTS OF INDORSER. Where the indorser before the maturity of the note insisted upon and aided in the collection of the interest from the maker, the indorsee not having been misled or prejudiced thereby, it was held that such acts did not constitute a waiver of demand and notice.

*Appeal from Marion Circuit Court.*

THURSDAY, JUNE 8.

THE plaintiff claims of Wm. McClure, the defendant, the sum of seven hundred dollars, alleged to be due on a note of $500, dated November 6th, 1876, and due on the 2d day of November, 1879, executed by D. C. Jordan to Wm. McClure, and providing for the payment of interest annually. The petition alleges that D. C. Jordan executed to the defendant a mortgage to secure said note; that on the 26th of March, 1877, the defendant assigned said note to the plaintiff, and expressly agreed to pay the same at maturity if not paid by the maker, and verbally agreed to waive demand and notice, and notice of protest; that before the principal

came due the defendant ordered and directed the plaintiff to have said mortgage foreclosed for the interest due; that the plaintiff commenced suit on said mortgage and note, and obtained judgment thereon at the solicitation of the defendant, and for his use and benefit; that on a decree of foreclosure, a special execution was issued and the property described in said mortgage was sold at sheriff's sale to satisfy said judgment, interests and costs; that the plaintiff bid in said property for the sum of $116.35, being the amount of interest, costs, and attorney's fees then due on said judgment; that the plaintiff, at the request of the defendant, assigned to him the certificate of purchase of said property, for the sum bid for the same; that said property was not redeemed and the defendant has acquired title thereto; that the plaintiff at the instance and request of the defendant, caused a writ of attachment to issue against the property of the said D. C. Jordan; that the said defendant made oath to the petition asking that said writ of attachment issue; that on said writ of attachment certain persons were garnished as supposed debtors of D. C. Jordan; all of which was done at the request, and for the benefit of the defendant.

The cause was tried to the court, and judgment was entered for the defendant for costs. The plaintiff appeals.

*Stone, Ayers & Co.*, for appellant.

*G. W. Crozier*, for appellee.

DAY, J.—I. The note sued upon was indorsed by the defendant in blank, before maturity. There was no demand of payment of the maker, nor notice of non-payment to the indorser. The petition alleges that the defendant expressly agreed to pay the note at maturity, if not paid by the maker, and verbally agreed to waive demand and notice. The testimony of the plaintiff does not establish this allegation of the petition. The plaintiff testifies: He said " by assigning it to me he would be respon-

1. PROMISSORY note : indorser : waiver of demand and notice.

sible, and I thought so. That is the reason I never looked up Mr. Jordan or the property, because I thought the defendant would do it as he told me, and I thought he was bound to do it by the indorsement of the note, and I took the note." This testimony shows that the plaintiff relied upon the indorsement, and thought it made the defendant absolutely liable. A promise to pay a note at maturity, would not, of itself, constitute a waiver of demand and notice. *Freeman v. O'Brien* and *Cash*, 38 Iowa, 406. The defendant testifies that he never did agree with plaintiff to pay him the note except as indorser. The court did not err in finding that the evidence does not establish the express agreement alleged in the petition.

II. The evidence shows that before the note matured the defendant induced the plaintiff to commence an action to recover installments of interest due; that the mortgage was foreclosed and the mortgaged property was sold to plaintiff, and the certificate of purchase was assigned to the defendant upon payment of the amount of the plaintiff's bid. The evidence also shows that before the note matured the defendant procured the plaintiff to commence a suit by attachment against Jordan; that he swore to the petition and assisted the attorneys in the prosecution of this suit. It is not alleged in the petition that the plaintiff was led by these acts to neglect to make demand and give notice of non-payment, nor that they constitute a waiver of demand. It is, however, insisted in argument that these acts constitute a waiver of demand and notice. There is no testimony that the plaintiff was misled by these acts, nor that he relied upon them. They are not at all inconsistent with the right of the defendant to insist upon demand and notice in strict conformity with the requirements of law. The defendant became conditionally liable upon his indorsement. All that was required to make this liability absolute was, demand of payment of the maker at maturity, and notice of non-payment. The defendant might well suppose that these steps

would be taken, and that his liability would become fixed. Hence it was entirely competent for him, before the maturity of the note, to insist upon and to aid in the collection of the note from the maker. These acts did not interfere with, and were not prejudicial to the plaintiff. Inasmuch as the evidence does not show that the plaintiff relied upon these acts to his prejudice, the court did not err in holding upon the evidence submitted, that they did not constitute a waiver of demand and notice. The court made no findings of fact, and the only question which the record presents for our consideration is the sufficiency of the evidence to support the judgment.

AFFIRMED.