[Department One. — January 20, 1884.]

# C. APPLEGARTH, APPELLANT, *v.* W. W. ABBOTT ET AL., RESPONDENTS.

EVIDENCE — NOTARY PUBLIC — PROTEST. — A protest of a notary public is only *prima facie* evidence of the facts recited in it, and may be contradicted by parol evidence.

PROMISSORY NOTE — DEMAND. — The fact that the maker of a note, before its maturity, notifies the president of a bank in which it was left for collection that he would not be able to pay it at maturity, does not excuse the holder from presenting it for payment so as to charge the indorsers.

APPEAL from a judgment of the Superior Court of the county of Merced, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. Jackman,* for Appellant.

*J. K. Law,* for Respondents.

McKEE, J. — The question in this case involves the liability of the indorsers of a promissory note.

The note upon which the question arises was made in Merced County, and was left in the Merced Bank for collection. The president of the bank acted as a notary public. As notary he protested the note, at its maturity, for non-payment, and served notice of its dishonor by mail upon each of the indorsers. In his protest he certified that he had demanded " personally in writing of the maker payment of the said note, which was refused." But on his examination as a witness he testified that the note had not been presented at maturity to the maker for payment, nor had payment thereof been demanded. What he had done was to write a letter to the maker of the note on the night of the 14th of August, 1879, the day the note became due, demanding of him payment of the same. This letter he enclosed in an envelope addressed to John Applegarth, Brooklyn, Cal. (the reputed place of residence of the maker), and mailed it that night to go by mail the next day. He further testified that two or three days before the maturity of the note the maker of it came to him as president of the bank and told him he would not be able to take the note up at maturity.

The court found that the note had not been presented at its maturity to the maker for payment, and payment thereof had not been demanded, and that the indorsers were not liable.

Two objections are made to the judgment: (1) That it was error for the court to let the notary contradict and falsify his notarial certificate. (2) That the findings are contrary to the evidence, because the evidence proved that presentment had been excused.

The protest of the notary was only *prima facie* evidence of the facts contained in it (§ 795, Pol. Code), and the admission of evidence to contradict and overcome its recitals was not erroneous. (§ 1883, Code Civ. Proc.)

The fact that the maker of the note before its maturity notified the president of the bank in which it was left for collection that he would not be able to pay it at maturity, did not excuse the holder from presenting it for payment in order to charge the indorsers.

Non-presentation under the circumstances was excused as to the maker himself; and he was not entitled to notice of the dishonor of the note. (§ 3156, Civ. Code.) But no arrangement between the maker and the holder could change the contract of the indorsers so as to affect their rights or liabilities, or to excuse performance of the conditions of the law of their contract, unless they were parties to it, or on being informed of it consented to it. (Story on Prom. Notes, 291.) The question raised has been settled by the Supreme Court of Massachusetts in *Lee Bank* v. *Spencer*, 6 Met. 308. That was a suit against indorsers of a promissory note made payable at the bank. It was not presented to the bank for payment at maturity, because the promissor had formally called on the holders and informed them that it would be useless to present the note at the bank, as he could not pay it. " But," said Shaw, C. J., " however this might affect the rights of the promisor, we think it did not alter the conditional obligation of the indorsers, and make them responsible without any presentment whatever." So in *Pierce* v. *Whitney*, 29 Me. 188, it was held that the fact that the maker of a note had addressed a letter to the holder informing him that he would not be able to pay it at maturity, and

requesting an extension, would be no excuse for non-presentation of the note at its maturity to the maker.

There is no error in the record

Judgment and order affirmed.

Ross, J.. and McKinstry, J., concurred.