(110 App. Div. 356)

### SCHLESINGER v. SCHULTZ et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. BILLS AND NOTES—PROTEST FOR NONPAYMENT—CERTIFICATE—SUFFICIENCY.
   A notary's certificate of protest for nonpayment of a note payable at a bank, in the hands of a receiver, which shows that the notary presented the note for payment at the bank on a day named and "found the bank closed," presumptively shows that it was presented during regular banking hours; Code Civ. Proc. § 923, making a notary's certificate presumptive evidence of the facts certified.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1124.]

2. SAME—PLACE OF PRESENTMENT FOR PAYMENT.
   Under Negotiable Instrument Law, Laws 1897, p. 736, c. 612, § 133, providing that a presentation of a note for payment is properly made at the place of payment specified therein, a note payable at a bank is properly presented for payment at the bank, though the bank is in the hands of a receiver.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1084.]

3. SAME—PERSON ON WHOM PRESENTMENT MUST BE MADE.
   A note made payable at a national bank which has been placed in the hands of a receiver need not be presented to the receiver for payment; the receiver having no authority to appropriate any money in his hands to the payment of the note.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 1074–1079.]

4. SAME—DEMAND NOTE.
   A note payable to the order of the maker "on demand after date" at a bank designated is a note payable on demand, within Negotiable Instrument Law, Laws 1897, p. 723, c. 612, § 26, declaring that a note is payable on demand where it is expressed to be payable on demand, or in which no time for payment is expressed, and is not a note payable at

a determinable future time, within section 23 (page 722), providing that a note is payable at a determinable future time which is expressed to be payable at a fixed period after date, etc., and it must be presented for payment within a reasonable time after its issue, as expressly required by section 131 (page 736).

5. SAME—TIME OF PRESENTMENT.

A note payable to the order of the maker on demand drew interest. It was indorsed by a third person, and it was not negotiated until 10 days after date. *Held*, that presentation for payment within 10 months was sufficient to hold the indorser.

Appeal from Trial Term, New York County.

Action by Leo Schlesinger, as receiver of the Federal Bank of New York, against Carl Rudolph Schultz and another. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

S. F. Kneeland, for appellant.

Theodore Hansen, for respondents.

LAUGHLIN, J. The action is against the maker and indorser of a promissory note dated the 23d day of June, 1903, payable to the order of the maker, the defendant Carraway, "on demand after date" at the "Equitable National Bank of New York, with interest." The note was indorsed by the defendant Schultz, and discounted for the maker by the Federal Bank on the 3d day of July, 1903. The indorser only was served, and appeared in the action. He defended, and his counsel seeks to sustain the judgment upon the grounds, first, that it was not shown that the note was presented for payment during banking hours; second, that presentation at the bank where the note was payable was insufficient, for the reason that the bank at that time was in the hands of a receiver, and presentation should have been made to the receiver personally; and, third, that, even if presentation was made to the proper party and at the proper place, it was not sufficient in point of time.

The note was presented for payment at the Equitable National Bank on the 22d day of April, 1904. That bank had suspended its business in the month of February, the same year, and was in the hands of a receiver appointed by the Comptroller of the Currency, who was closing up the affairs of the bank pursuant to the national banking act. His powers and duties were prescribed by section 5234 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3507]. He was not authorized to continue the banking business. The note, certificate of protest, and affidavit of service thereof were read in evidence. The certificate of protest shows that the notary presented the note for payment at the Equitable National Bank for payment on the 22d day of April, 1904, "and found the bank closed." The respondent contends that the certificate should have shown that presentation was made during banking hours, and that the inference is that it was presented after banking hours, for the reason that the receiver was in possession of the bank during ordinary business hours, and that therefore the bank was not closed

during such hours. The evidence shows that the bank had suspended banking business, and for all practical purposes, at least as to business of this nature, it had closed. The certificate of the notary is presumptive evidence of the facts certified. Section 923, Code Civ. Proc. There is a legal presumption that the notary made the presentation at the proper time of day, and we think the fair construction of this certificate is that presentation was made during regular banking hours, and that the bank had ceased to transact business of this nature and was for all practical purposes closed. Cayuga Co. Nat. Bank v. Hunt, 2 Hill, 635; De Wolf v. Murray, 2 Sandf. 166; Tiedeman on Bills and Notes, § 128; Parsons on Bills and Notes, § 421; Smith v. Poillon, 87 N. Y. 590, 41 Am. Rep. 402. If the bank had continued its business, the presentation should have been during banking hours, or, if the maker had no money then to meet the note, before the bank closed (section 135, Neg. Inst. Law, Laws 1897, p. 737, c. 612), but since the bank had discontinued the banking business it was only necessary that the presentation should be made "at a reasonable hour on a business day." Neg. Inst. Law, Laws 1897, pp. 736, 737, c. 612, §§ 133, 135. Notwithstanding the fact that the bank was closed presentation at the bank was proper, if, indeed, any presentation was necessary under those circumstances. Edwards on Bills and Notes (3d Ed.) 498; Story on Promissory Notes (3d Ed.) § 234; Parsons on Notes and Bills, § 438; Daniel on Negotiable Instruments, §§ 1118, 1119; Wiseman v. Chiapella, 23 How. 368, 16 L. Ed. 466. Section 133 of the Negotiable Instrument Law provides that "presentation is made at the proper place, where place of payment is specified in the instrument and it is there presented."

We are also of opinion that it was not essential that a demand be made upon the receiver personally. As has been seen, the only presentation required by the Negotiable Instrument Law, where a place of payment is specified in the instrument, is presentation at that place. Section 133, Negotiable Instrument Law. The presumption arises on the certificate of the notary either that he could not obtain admittance to the bank, or else that he was informed by those in charge that there was no one found ready to pay the note. The receiver, by virtue of his office, had no power or authority to receive or hold money for the purpose of meeting obligations maturing at the bank; and, as to the funds that came into his possession as receiver, he had no authority to appropriate any of them to the payment of the note. Consequently it was not necessary to present the note to the receiver personally.

Finally, the respondent contends that this note was not payable on demand, within the provisions of section 26 of the Negotiable Instrument Law (Laws 1897, p. 723, c. 612) but at a determinable future time, within the provisions of section 23 (page 722) thereof, and that therefore it should have been presented for payment the day after it bore date. Section 131 of the Negotiable Instrument Law (Laws 1897, p. 736, c. 612) provides that:

"Where the instrument is not payable on demand, presentment must be made on the day it falls due. Where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in case of

a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof."

We deem it quite clear that this note did not fall due on a particular day, and that it was within the intent and scope of the statute, a demand note. The question then is, was it presented within a reasonable time? The note was payable, with interest. It was evidently indorsed for the accommodation of the maker. It does not appear on what day the indorsement was made, but it does appear that it was not negotiated until 10 days after date. There is nothing in the transaction to indicate that the parties intended that it should be presented for payment either immediately or within a very short time, as was found to be the intention of the parties in Crim v. Starkweather (88 N. Y. 343, 42 Am. Rep. 250), where the note was payable "on demand after date," with interest "after maturity," and was indorsed and transferred by the payee on the day of its date, and was not presented for payment for nearly four years thereafter. The case of Hardon v. Dixon, 77 App. Div. 241, 78 N. Y. Supp. 1061, relied on by the respondent, has no application. The point there decided was that the statute of limitations did not commence to run on the day of the date of a note payable "on demand after date." We think a reasonable period of credit was intended and that presentation within 10 months was timely to hold the indorser.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.