[Civ. No. 1221. Second Appellate District.—May 16, 1913.]

## J. W. ROPER et al., Respondents, v. CARL P. GOULD, Appellant.

PROMISSORY NOTE—INDORSEMENT—WHO ENTITLED TO NOTICE OF DIS-
HONOR.—Where an indorsement of a promissory note is in this form:
"For value received I hereby sell, transfer and assign all my right,
title and interest in the within note to R," dated and followed by
the signature of the indorser, he is entitled to notice of dishonor.

ID.—PRESENTMENT AND DEMAND—WHETHER BANKRUPTCY EXCUSES.—
An adjudication in bankruptcy of the maker of a promissory note,
whether known or unknown to an indorser, will not excuse the for-
mality of presentment and demand.

ID.—NOTICE OF DISHONOR—WAIVER NOT SHOWN.—A letter from the in-
dorser of a promissory note to the holder, not written within ten
days before the maturity of the note, stating that the indorser has
been advised by the maker that the maker is in bankruptcy but
expects to handle the note on the partial payment plan, and that
"he and I together will probably be able to take care of you some
way," does not amount to a waiver of notice of dishonor.

APPEAL from a judgment of the Superior Court of Los
Angeles County. J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

Gilbert F. Wyvell, for Appellant.

Hanson, Hackler & Heath, for Respondents.

SHAW, J.—Action against defendant as indorser of a
promissory note. Judgment for plaintiffs, from which de-
fendant appeals.

The note was signed January 1, 1909, due two years after
date, negotiable in form, and made by one C. W. McArthur to
John P. Benson, who indorsed it as follows: "March 1, 1909.
For value received I hereby sell, transfer and assign all my
right, title and interest in the within note to Carl P. Gould.
John P. Benson"; and delivered it to the defendant, Carl P.
Gould, who indorsed thereon the following: "For value re-
ceived I hereby sell, transfer and assign all my right, title
and interest in the within note to J. W. Roper and Ossie

Roper. Mch. 6, 1909. Carl P. Gould''; and delivered it to the plaintiffs.

Counsel for the respective parties devote much of their argument to the question as to whether the delivery of the note to plaintiffs by defendant, with the writing indorsed upon the back thereof, should be construed as an unqualified indorsement under and by virtue of which an implied conditional obligation was imposed upon defendant to pay the same (Civ. Code, sec. 3116), or whether it was a qualified indorsement within the meaning of section 3118 of the Civil Code, exempting him from such conditional obligation. Under our view of the case, we deem it unnecessary not only to decide this question, but likewise unnecessary to determine the question as to whether under the code provisions of this state there can be as to a negotiable instrument an indorsement thereon other' than that defined in section 3118 of the Civil Code, exempting the indorser from the implied warranties specified in section 3116.

The court made an express finding, ''That the writing on the back of said promissory note signed by the defendant constituted a qualified indorsement of said note.'' Section 3118, of the Civil Code, provides that, ''An indorser may qualify his indorsement with the words, 'without recourse,' or equivalent words,'' in which case he is only responsible to the extent that he would be if the transfer was made without indorsement; and section 3116 provides that the warranties and conditional obligation therein specified do not apply to a transfer of the instrument where the indorsement is qualified. Hence, it is clear that if the indorsement of the note was qualified, no recovery could be had thereon against defendant.

On the other hand, construing the indorsement as unqualified, in that it specified the indorsee (Civ. Code, sec. 3113), defendant's obligation to pay the note was upon condition that, unless excused by law, notice of its dishonor should be duly given to him. The notice was not given. The court, however, found that prior to the maturity of the note defendant waived demand upon the maker for payment thereof, notice of nonpayment and protest; that prior to its maturity the maker thereof was adjudged a bankrupt, which fact was for a period of thirty days preceding the time when said note was payable well known to defendant; that after such adjudica-

tion in bankruptcy and before the note matured, defendant
in writing promised to pay the same. Each of these findings,
other than the adjudication in bankruptcy and defendant's
knowledge of such fact, is attacked by appellant for want
of sufficient evidence to support it.

A negotiable instrument is dishonored when it is not paid
on presentment for that purpose, or a like result follows
where presentment is excused. (Civ. Code, sec. 3141.) There
is nothing in the indorsement which could be construed as an
excuse of the failure to present the note for payment. In the
absence of such fact, respondents insist that the adjudication
in bankruptcy of the maker, as to which fact defendant had
knowledge, excused such presentment and demand. We can-
not assent to this proposition. All of the authorities cited by
counsel in support of the proposition appear to have been
based upon local statutes. In the absence of such statute to
the contrary, and we have none, the rule is well settled that
such adjudication, whether known or unknown to the indorser,
will not excuse the formality of presentment and demand.
(4 Am. & Eng. Ency. of Law, p. 468, and cases in note.)
"A waiver of notice does not waive presentment." (Civ.
Code, sec. 3159.) "Notice of dishonor is excused: . . . 4.
When the notice is waived by the party entitled thereto."
(Civ. Code, sec. 3155.) In the absence of excuse or waiver,
conceding all that respondents claim as to the character of the
indorsement, defendant was entitled to notice of dishonor as a
prerequisite to recovery against him. The only evidence re-
lied upon to support the finding as to such waiver and promise
to pay the note is a letter written on December 7, 1910, at Los
Angeles, where defendant resided, addressed to plaintiffs,
who resided at Covington, Tennessee, wherein defendant says:
"Sometime ago I had a talk with McArthur (the maker of
the note.) He informed me that he was in bankruptcy. I
was amazed, but it seems that his various properties stood in
his mother's name. Regarding your note he said that he ex-
pected to handle it on the partial payment plan. He and I
together will probably be able to take care of you some way.
I will write again soon." There is nothing in this statement
upon which to base the claim that defendant waived notice
of the dishonor of the note. Nor can the statement that de-
fendant would *probably* be able to take care of the note in

some way be construed as such waiver or promise in writing to pay the note, which, as stated, the maker "expected to handle it on the partial payment plan." Moreover, the information, whatever value may be placed upon it, so conveyed to plaintiffs, was not given within ten days before the maturity of the note, as required by section 3156 of the Civil Code. The case of *Los Angeles National Bank* v. *Wallace,* 101 Cal. 478, [36 Pac. 197], bears directly upon this point. We quote from the syllabus: "Where the drawer, three weeks before the maturity of the bills, informs the holder that the drawee could not pay, but that he would pay the bills, such promise not having been made ten days before the maturity of the bills, as provided by section 3156 of the Civil Code, will not excuse presentment to the drawee and notice to the drawer." Even if the statement in the letter be construed as a statement made by defendant to the effect that the note would be dishonored, under the authority of the case just cited, construing section 3156 of the Civil Code, it would be insufficient to constitute a waiver of notice, without which defendant was not liable.

The judgment is reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 15, 1913.