[Civ. No. 1865.   First Appellate District.—January 12, 1917.]

## E. G. L. SMITH, Appellant, v. C. H. HIRST et al., Respondents.

PROMISSORY NOTE — INDORSER — PREMATURE NOTICE OF DISHONOR.—An oral notification given by a notary public to the indorser of a promissory note that the maker of the note had absconded, and that the note had not been paid, is not a sufficient notice of dishonor, where such notification was given in the course of the afternoon of the day of the maturity of the note, but at a time when several hours of such day yet remained, notwithstanding the note had been placed in the hands of a bank for collection, whose business hours closed at 3 o'clock in the afternoon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, for Appellant.

F. A. Dorn, and C. D. Dorn, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant N. A. Dorn after his demurrer to the

third amended complaint of the plaintiff had been sustained, the latter declining to further amend his pleading.

The facts of the case are these: On March 1, 1912, the defendant C. H. Hirst made, executed, and delivered to one L. L. Long his promissory note for the sum of one thousand five hundred dollars, payable one year after date, of which said note the defendant N. A. Dorn was the indorser. Before the maturity of said note the maker thereof absconded and departed from the state of California, and had neither a residence nor place of business therein at the time said note fell due. Prior to the maturity of the note, said L. L. Long transferred and delivered the same to the plaintiff herein, who, also prior to the date of its maturity, delivered said note to the Crocker National Bank of San Francisco for collection. The first day of March, 1913, the date of the maturity of said note, fell on Saturday. At about the hour of 4 o'clock of said day, said note not having been paid, the said bank directed one Alice Spencer, a notary public, to give notice of dishonor of said note to said defendant Dorn, and at about 4:30 o'clock of said day said Alice Spencer personally and orally notified said Dorn that the said C. H. Hirst had absconded and departed from the state of California and was then absent from said state, and that said note had not been presented to C. H. Hirst for payment, and had not been paid by him. On the morning of March 3, 1913, said Alice Spencer inclosed in an envelope a written notice signed by her, to the effect that said note had not been paid, and addressed and mailed the same to the defendant Dorn at his office address in the city of San Francisco, which notice said Dorn received at his said office address on the morning of March 4, 1913. He did not pay the note, and this action was commenced to recover upon the same.

The judgment of the trial court in favor of said defendant was predicated upon the foregoing facts.

The sole question presented for decision upon this appeal is as to whether or not the said defendant Dorn had due notice of the dishonor of the note in question so as to bind him as its indorser. The appellant seems to concede that the written notice from the notary public mailed to said Dorn at his office on March 3, 1913, and received by him on the morning of the following day, to the effect that the note had not been paid, was insufficient to bind him as an indorser thereon for

the reason, apparently, that it was not addressed to the indorser at his place of residence as the code requires (Civ. Code, sec. 3144) ; and appellant therefore rests his whole case and argument upon the contention that the oral notification that the maker of the note had absconded, and that the note had not been paid, given to said Dorn at about the hour of 4:30 o'clock on the day on which the note fell due, constituted a sufficient notice of dishonor. The respondent, however, insists that notice of dishonor must be in writing; but that whether or not such be the case, this notice was premature because given before the time arrived when the note could be dishonored by the nonpayment thereof, viz., the close of the day on which it fell due. The appellant concedes that this contention might be sound if the note had remained in the hands of the plaintiff; but claims that the respondent cannot avail himself of it because the note was delivered to a bank for collection, the business hours of which close at 3 o'clock P. M. of business days, except that on Saturday they close at 12 o'clock noon.

We cannot give our adherence to a rule that the maker or holder of a note can change the time of day at which it shall be payable, and at which its maker shall be in default for the nonpayment thereof, by merely delivering it to a bank for collection; nor that the time when notice of its dishonor may be given can be thus advanced. Aside from this, however, a mere verbal statement made in the course of the afternoon of the day of maturity of the note to the effect that it had not been paid would be an insufficient notice of dishonor. Besides, such a notice, irrespective of its infirmities in point of form and substance, would be premature. There were several hours still remaining of that day which the maker of said note had within which to pay the same; and the fact as to whether or not he had absconded or departed from the state, or had neither residence nor place of business in it, could not operate to either enlarge or lessen the rights and liabilities of the indorser (*Roper* v. *Gould,* 22 Cal. App. 114, [133 Pac. 622] ; Civ. Code, 3141) ; and the fact that the maker of the note had absconded or was absent from the state, or had neither residence nor place of business in it, while it might excuse presentment to him for payment, would not excuse the holder of the note from giving notice of dis-

honor to its indorser.  (*Applegarth* v. *Abbott,* 64 Cal. 459, [2 Pac. 43].)

The case of *California National Bank* v. *Weldon,* 14 Cal. App. 765, [113 Pac. 334], is clearly distinguishable as to its facts from the case at bar; and whatever is said therein with reference to notice of dishonor must be limited in its application to the facts of that particular case, and cannot be held as sustaining the doctrine that the notice of dishonor which is required to be given to the indorser of a promissory note is excused by an excusable failure to present the note for payment to the maker except in the cases specified in sections 3155, 3156, and 3157 of the Civil Code.

For the foregoing reasons the judgment appealed from is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 9, 1917.