M. M. Wood, Appellee, v. C. L. Roe, Appellant.

February 15, 1927.

Opinion on Rehearing February 14, 1928.

*Naglestad, Pizey & Johnson,* for appellant.

*John F. Joseph,* for appellee.

Albert, J.—An opinion was filed in this case which is reported in 212 N. W. 378. A rehearing was granted therein, and the original opinion is withdrawn.

The note involved herein was for $5,720, dated March 1, 1920, and due March 1, 1925, executed by R. F. Nuckolls, and payable to C. L. Roe, and indorsed in blank by Roe to plaintiff, M. M. Wood. So far as this case is concerned, it contained no stipulation or waiver whatever.

The original petition filed was in the usual form of suit on a promissory note, asking judgment against the defendant. Plaintiff amended her petition as follows:

"That presentation and demand of said note to R. F. Nuckolls, maker thereof, at the place of payment, to wit, the Grinnell Savings Bank, Grinnell, Iowa, was waived with the express knowledge and consent of the indorser, C. L. Roe; that due demand has been made on the maker for payment, and payment refused with the express knowledge of the indorser, C. L. Roe; that due demand and presentation for payment has been made upon the indorser, C. L. Roe; and that said indorser, C. L. Roe, has had notice and knowledge of the dishonor of said note by the nonpayment thereof by said maker, said notice and knowledge having been conveyed to him by the plaintiff and his agent and the maker of said note, both before and subsequent to March 1, 1925, upon which date said note became due and payable, said notice and negotiations in connection with the nonpayment of said note being oral."

To this petition as amended, defendant, C. L. Roe, filed a motion to strike: (1) That due demand and presentation for payment has been made upon the indorser, C. L. Roe, for the reason that the same is irrelevant and redundant. (2) To strike from the amendment the words "both before and," for the same reason. (3) That the petition be made more specific by stating the facts showing presentment to and demand for payment on the maker of the note in controversy, and notice to this moving defendant of the dishonor of said note, in the place and stead of the conclusions of the pleader that due demand had been made on the maker for payment, and payment refused, and that this moving defendant had been given notice thereof. (4) That the petition be made more specific by stating the facts showing that presentment and demand for payment of the note in controversy at the place of payment expressed therein,—to wit, the Grinnell Savings Bank, Grinnell, Iowa,—was waived, in the place and stead of the conclusion of the pleader contained in said amendment to the petition, that presentment and demand were waived.

The court sustained the second and fourth grounds of the above motion; otherwise overruled it. Whereupon, plaintiff filed another amendment to her petition, reading as follows:

"That presentation and demand of said note to R. F. Nuckolls at the place of payment, to wit, the Grinnell Savings Bank, Grinnell, Iowa, and on date note was due, was impossible, for the reason that said bank was in the hands of receiver at that time, and had not been doing business as a bank since on or about the 1st day of February, 1925, when said receivership was started, the said fact being well known to the indorser, C. L. Roe. Plaintiff further states that all business in connection with said note, in so far as M. M. Wood is concerned, had been made through the Mid-West State Bank, of which the defendant herein was president and in active charge, and who had active charge of the collection of interest on said note from R. F. Nuckolls and paying over the same to M. M. Wood, from time to time, during all the time that the said note was owned by M. M. Wood, up to the time of default; and for all practical purposes the place of payment had been changed by mutual understanding and agreement of all parties, including defendant C. L. Roe, from the Grinnell Savings Bank to the Mid-West State Bank of Sioux City, Iowa. Plaintiff further states that the defendant, C. L. Roe, had actual notice of default of said payment within two or three days after said default, as well as having personal knowledge of the fact that said note had been defaulted and that it was impossible for R. F. Nuckolls to pay the same, said actual notice being conveyed to C. L. Roe by M. M. Wood in person, on the streets of Sioux City, Woodbury County, Iowa, at which time said M. M. Wood informed the defendant, C. L. Roe, that R. F. Nuckolls had defaulted in payment of said note, and that he expected to hold C. L. Roe for the same; that the said M. M. Wood, as well as her agent, has had personal talks with C. L. Roe, in which Mr. Roe was informed that default had been made and that M. M. Wood was holding said C. L. Roe personally responsible for the note and payment thereof."

To plaintiff's petition and amendment C. L. Roe filed a demurrer:

1. For the reason that it appears on the face of said petition and amendment thereto that presentment of said note and demand for its payment were necessary, to charge this defendant with the payment of said note, and that no such presentment and demand for payment were made, and such presentment and demand were not waived by this defendant.

2. For the reason that it appears on the face thereof that no such notice of the dishonor of said note as is required by the Negotiable Instrument Act was given this defendant.

3. For the reason that it appears on the face thereof that there was no waiver on the part of this defendant of the presentment of said note and demand for its payment, necessary to be made under its terms and provisions, to charge this defendant with its payment.

This demurrer was overruled generally, and Roe excepted, and later elected to stand on his petition and its amendment, and not plead further. He then appealed, and his notice specifies that he is appealing from the order overruling his demurrer.

Counsel seem to agree that Roe is the indorser on the note in controversy, and, that, if he is to be held as such indorser, under the Negotiable Instrument Act, among other things, it is necessary that the note must have been presented to Nuckolls, and payment demanded; or presentment must be waived, and, on his failure or refusal to pay, notice of dishonor must be given to Roe. The question that is before us is whether or not this pleading contains sufficient allegation to show a basis for holding Roe as indorser.

Section 9530, Code of 1924, provides:

"Presentment for payment is not necessary in order to charge the person primarily on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But, except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers."

Section 9531 provides:

"Where the instrument is not payable on demand, presentment must be made on the day it falls due."

Section 9532 requires that:

"Presentment for payment, to be sufficient, must be made:
\* \* \*
"4. To the person primarily liable on the instrument, or if he is absent or inaccessible, to any person found at the place where the presentment is made."

Section 9533 provides for the place of presentment, and

Section 9534 provides that the instrument must be exhibited to the person from whom payment is demanded.

At this point we may stop to consider the record:

First, there is nothing in the petition or amendment to the petition alleging that presentment was made and the instrument exhibited to R. F. Nuckolls, the original maker thereof. Second, there is no allegation, as required by Section 9531, above cited, that such presentment was made on the day the note became due, to wit, March 1, 1925.

Section 9550 provides:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Section 9557 provides that this notice may be in writing or oral.

Section 9564 provides that, where the parties reside in the same place, notice must be given not later than the following day, and if by mail, it must be deposited in the post office in time to reach him in the usual course on the following day.

Section 9565 provides that, if the parties reside in different places, the notice, if sent by mail, must be deposited in the post office in time to go by mail the day following the day of dishonor; or if given otherwise, it must be within the time that notice would have been received in due course of mail, if it had been deposited in the post office within the time specified in the last subdivision.

Plaintiff alleges that oral notice was given to C. L. Roe of the dishonor of this paper by plaintiff, but does not state when such oral notice was given.

Plaintiff's petition is wholly wanting in any allegation of presentation of the instrument to Nuckolls. This ordinarily would be fatal. There is an allegation, however, that presentation of the paper at the Grinnell Savings Bank was waived, but by whom it was waived is not stated; but even if presentment at the Grinnell Savings Bank were waived, that would not waive presentation on Nuckolls, the maker of the instrument. This allegation does not aid the defect of want of allegation of presentation. A valid presentation consists of something more

than a mere demand. It requires personal demand at the place, with the note in readiness to exhibit, if required, and to receive payment and surrender it, if the debtor is willing to pay. *Greco v. Lo Monte*, 162 N. Y. Supp. 982; *Gilpin v. Savage*, 201 N. Y. 167 (34 L. R. A. [N. S.] 417). The fact that the bank specified as the place of payment is insolvent and in the hands of a re-ceiver is no excuse for nonpresentment. *Schlesinger v. Schultz*, 110 App. Div. 356 (96 N. Y. Supp. 383). There is no allegation in this petition that the person primarily liable on the paper waived presentation. Such is a necessary allegation. *Case v. McKinnis*, 107 Ore. 223 (213 Pac. 422), and cases cited. That a waiver will not be inferred from doubtful facts or language is held in *Freeman v. O'Brien*, 38 Iowa 406, *Porter v. Moles*, 151 Iowa 279, and the note to 33 L. R. A. (N. S.) 639. The allegation of the plaintiff's petition that Roe knew of the insolvent condition and receivership of the Grinnell Savings Bank does not avail the plaintiff. *Roper v. Gould*, 22 Cal. App. 114 (133 Pac. 622); *Case v. McKinnis*, supra; *Kahnweiler v. Salomon*, 107 Misc. Rep. 602 (177 N. Y. Supp. 739). That Roe was assisting by collecting the interest on the note and paying it over to the appellee has no tendency to establish a waiver of presentment on the part of the appellant. *Isham v. McClure*, 58 Iowa 515.

This petition and amendment were wholly defective, in that they failed to allege that presentation was made on the due date of the instrument; and second, because they failed to allege that notice of dishonor was served on the indorser within the time required by the statute. The demurrer was improperly overruled. It should have been sustained.—*Reversed.*

STEVENS, C. J., and FAVILLE, MORLING, and WAGNER, JJ., concur.