DARNALL's Ex'rs. *vs.* MAGRUDER.—June, 1827.

A receipt for a sum of money by which the person receiving it undertook
to return the sum borrowed, "when called on to do so," creates a cause
of action from its date, bearing interest, and against which the act of
limitations begins to run, from that time.

APPEAL from *Prince-George's* County Court.   Action of
*assumpsit* brought on the 6th of April 1822, for money lent
and advanced —money had and received—money laid out, ex-
pended and paid, and on *an insimul computassent.*   The de-
fendant, (the appellee,) pleaded *non assumpsit, non assump-
sit infra tres annos;* and *actio non accrevit infra tres annos.*
Issues joined on the general replications.

At the trial the plaintiffs gave in evidence the following re-
ceipt signed by the defendant: "Received, June 3d, 1807, of
Mr. *John Darnall,* the sum of two hundred and eleven dol-
lars, which I hereby engage to return to him when called on to
do so.                                    *D. Magruder.*"

Whereupon the defendant prayed the court to instruct the
jury, that if they should be of opinion from the evidence in the
cause, that three years had elapsed from the date of said paper
before the impetration of the original writ in this cause, that

then they must find a verdict for the defendant. Which opinion and instruction, the Court, [*Stephen*, Ch. J. and *Key*, A. J.] gave to the jury. The plaintiffs excepted; and the verdict and judgment being for the defendant, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and MARTIN, J.

*Magruder*, for the Appellants, contended, that the act of limitations did not begin to run from the date of the instrument of writing, nor until demand of payment. He referred to 2 *Stark. Evid.* 891. *Collins vs Benning*, 12 *Mod.* 444. He insisted that interest could be claimed only from the time demand was made of the money due.

*C. Dorsey*, for the Appellee. The action is not on the instrument of writing; but is an action of general *indebitatus assumpsit*, which admits that the money was due at the time the promise was made. He cited *Bull. N. P.* 181. *Walmsley vs Child*, 1 *Ves.* 344. 15 *Vin. Ab.* tit. *Limitation*, 103, pl. 14. *Wallis vs Scott*, 1 *Stra* 88.

THE COURT. No doubt interest might be demanded from the date of the instrument of writing; and of course it became due and payable on the day of its date.

JUDGMENT AFFIRMED.