A. S. HALL v. THE FIRST NATIONAL BANK OF HAYS
CITY, KAN.

No. 104.

1. SURETY — *definite and binding extension of time to principal, not mere indulgence, necessary to release.* Mere indulgence as to payment, given to the principal maker of a note, does not release a surety. To have that effect, there must be a valid agreement extending the time for payment, without the surety's consent, and the time of the extension must be definitely fixed.

2. ——— *taking new demand note with added security, unless in payment of prior debt, does not release.* The mere taking of a new note payable on demand, with additional security, for a debt evidenced by a prior note, also payable on demand, does not release a surety on such prior note, unless it appears to have been the intention of the parties that the second note should be accepted in payment of the first.

Error from Ellis District Court. Hon. S. J. Osborn, Judge. Opinion filed January 4, 1897. *Affirmed.*

*Charles A. Hiller,* for plaintiff in error.

*A. J. Bryant,* for defendant in error.

GARVER, J.    This was an action, commenced February 18, 1893, before a justice of the peace, by the First National Bank of Hays City, Kan., against A. S. Hall and John Yunker, on a demand note for $215.40, executed November 5, 1889. No answer was filed by the defendants; but on the trial in the District Court Hall made defense by claiming that he signed the note as surety for Yunker, and that he was released from liability thereon because the time for payment had been extended by the Bank without his consent. The case was tried by a jury, and a general verdict returned in favor of the plaintiff.

Various matters which we deem unimportant were considered upon the trial, and are discussed at considerable length in the briefs of counsel. While the

note in suit was drawn payable on demand, it seems
to have been the general understanding of the parties
thereto that no demand of payment would be made
prior to August, 1890.   On December 9, 1891, a note
for the same debt was taken by the Bank from Yunker
and wife, secured by a chattel mortgage on personal
property, some of which was property not included in
the chattel mortgage given to secure the first note.
There was no understanding or agreement that the
last note was not just what it purported to be — a note
payable on demand.   There was some evidence tend-
ing to show that the second note and mortgage were
taken with the knowledge and consent of Hall, suffi-
cient in this respect, we think, to maintain the verdict
of the jury.   But, apart from that, we think there was
an entire failure of proof that any such extension of
the time for the payment of this debt was made, as
would release the surety.   When the second note was
taken, the Bank held, against Yunker as principal and
Hall as surety, a note payable on demand.   The new
note was likewise payable on demand.   The amount
of the indebtedness of Yunker to the Bank was not
changed, nor was any change made in the terms of
payment.   The mere taking of additional security for
a debt does not release the surety.   Neither will the
giving of time or indulgence have that effect, unless
it is based on a contract which ties the creditor's
hands and prevents him from enforcing payment for
a definite time.   To have that effect, there must not
only be a valid agreement extending the time for pay-
ment, but the time of the extension must be definitely
fixed.   *United States v. Hodge*, 6 How. 281; *Miller v.
Stem*, 2 Pa. St. 286; *Rucker v. Robinson*, 38 Mo. 154;
*McGee v. Metcalf*, 12 S. & M. 535; *Gardner v. Watson*,
13 Ill. 352.

Under the facts in this case, there was nothing to prevent the Bank, at any time, from commencing proceedings against Yunker to collect its debt on either note ; nor was there anything suspending the right of Hall, as the security for the debt, to discharge the obligation and to be subrogated to the rights of the Bank. The rule, under which a surety for a debt is released by the giving of time to the principal without the surety's consent, is founded upon a supposed restriction of the rights of the surety by which he is presumed to be injured. The reason for the rule failing, as in this case, the rule itself should not be enforced.

We think no reversible error appears in the record The judgment will be affirmed.

Clark, J., concurring ; Gilkeson, P. J., having been of counsel, not sitting.