.(31 App. Div. 61.)

## FIFTH NAT. BANK OF CINCINNATI v. WOOLSEY.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

**1. GUARANTY OF NOTE—CONSTRUCTION—RENEWAL.**

In order to induce the plaintiff bank to loan money to a corporation, the stockholders of the latter, including the defendant, executed a guaranty to the bank, by which they jointly and severally guarantied and agreed to pay to the plaintiff all such notes of the corporation as might become due and remain unpaid within one year from December 4, 1891. Loans were made and short-time notes delivered accordingly, which were renewed from time to time with new notes. *Held*, in an action to recover upon defendant's guaranty, that it was continuing in its nature, and covered the notes given in renewal, and falling due within the year.

**2. RELEASE OF SURETY—EXTENSION OF PAYMENT.**

On December 1, 1892, all the notes were then due. After December 4th the corporation gave a new demand note for the full amount, dated December 1st, but not in renewal or in place of the previous notes, or to extend the time of their payment, and the previous notes were held as collateral therefor. *Held*, that, having been delivered subsequent to its date, the demand note became due immediately on delivery, and there-. fore, even apart from other reasons, did not operate to extend the payment of the previous notes, even for a day, or to release the defendant.

**3. GUARANTY—SUBROGATION.**

After the action was brought, the other guarantors paid to the plaintiff the amount owing from the defendant. *Held*, that thereby they became subrogated to the rights of the bank against the defendant, for which purpose the action might be continued in the name of the bank, and that the defendant, not having procured the other guarantors to be substituted as plaintiffs, was not in a position to insist that the action should not proceed to judgment in the name of the original plaintiff.

**4. CONTRACTS OF SURETYSHIP.**

The rules to be applied in the construction of contracts of suretyship are precisely the same rules as in the construction of any other contract; but when the construction has been ascertained the application of the contract is not to be extended unduly against the surety, and in favor of the principal, so as to hold the surety any further than required by the express terms of the paper.

Appeal from trial term.

Action by the Fifth National Bank of Cincinnati, Ohio, against Kate T. Woolsey. From a judgment of the trial term (48 N. Y. Supp. 148), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Robert H. Griffin, for appellant.
Lucien Oudin, for respondent.

RUMSEY, J. The appellant was a stockholder and director in the R. M. Bishop Cigar Company, a corporation organized under the laws of the state of Ohio, and doing business in Cincinnati, in that state. On the 4th of December, 1891, the cigar company desired to borrow money from the plaintiff; and the plaintiff was willing to make loans to it, provided that it received a satisfactory guaranty of the notes made by the company. Thereupon the defendant, with several other stockholders of the cigar company, executed to the plaintiff a paper reciting that the cigar company desired to borrow money, and

that the bank was willing to make loans provided that their payment was acceptably guarantied, and that in order to enable the company to borrow money, and in consideration that the bank should loan to said company such sums from time to time as it might require, jointly and severally binding themselves to the bank, and guarantying the payment to it of all drafts, checks, notes, and bills which it might receive from and discount for said company, and agreeing to pay to the bank, its successors and assigns, any and all such drafts, checks, notes, and bills as might become due and remain unpaid within one year from the date of the guaranty, not exceeding $10,000. This guaranty was dated on the 4th of December, 1891. It contained, in addition to the statements above, an agreement between the guarantors as to the manner in which the payments were to be made, which it is not material to consider upon this appeal. After the making of that guaranty, and before the 1st of February, 1892, the cigar company borrowed of the plaintiff $10,500 upon its notes, the last of which matured on the 25th of April, 1892. These notes were paid, as they matured from time to time, with the proceeds of new notes of the company, which the plaintiff discounted upon the faith of the guaranty, until the 15th day of July, 1892, the cigar company owed the plaintiff $11,000, for which the plaintiff held its notes; the last of them maturing on the 31st day of August, 1892. On the 15th of July, 1892, the cigar company ceased to do business, and went into liquidation; and after that time it renewed the notes which had been previously given to the plaintiff, until on the 1st day of December, 1892, it owed to the plaintiff $11,000, all of which was then due, upon notes previously given. On that day the sum of $500 was paid, and the bank insisted upon the payment of the remaining portion of the debt. After the 1st of December, 1892, the cigar company executed and delivered to the bank a new note, dated on that day, by which, on demand after date, the company promised to pay to the plaintiff $10,500, and agreed that the past-due notes of the company covered by the guaranty should be held as collateral security for that note. Although dated on the 1st day of December, 1892, the note was not in fact given until after the 4th of December. This demand note was not given in renewal or in place of the notes then held, nor was it intended by that note to extend the time of payment of any other notes which fell due on the 1st of December; but it was given simply that the bank might have in its possession a note which was not in terms and necessarily overdue, and thereby avoid the criticism of the bank examiners for carrying past-due paper. The company paid $500 on that note, and subsequently the other guarantors paid their proportionate amounts, leaving unpaid only the proportion which the defendant had agreed to pay by the terms of her guaranty. This action was brought to recover that proportion.

The defendant insists, in the first place, that the guaranty is not a continuing one; that it provided only for the payment of notes upon which money was actually advanced, and did not provide for or require the defendant to guaranty the payment of notes which were received in renewal of other notes, upon which the money had not been actually advanced. This contention is clearly erroneous. The

consideration of the guaranty, in terms, is that the bank shall loan to the company such sums as from time to time it may require; and the agreement is to guaranty the payment to the bank of all notes which the bank might receive from or discount for said company, and it is to pay to the bank any notes which might remain unpaid within a year from the date of the guaranty, not exceeding the sum of $10,000. This agreement had plainly in view the ordinary course of business between a bank and its customers, and clearly provided for such advances of money as might ordinarily be expected to be made by a bank to a person in business, and requiring loans from time to time. The money was not to be advanced in one sum, but the agreement of the bank was to loan the company such sums from time to time as it might require. There was no limit of the purpose for which those loans might be made, and the bank was entitled to make them, not only for the purpose of being used in the business of the company, but for the purpose of renewing other loans which had previously been made by the discount of new notes. Money advanced for either of these purposes was clearly within the terms of the guaranty. The rule of construction of papers of this kind does not seem to be clearly understood. It has been claimed that all contracts of suretyship should be most strictly construed in favor of the surety. But that is not the rule. The rules to be applied in the construction of contracts of suretyship are precisely the same rules that are to be applied in the construction of any other contract between the parties. But, when the construction has been ascertained, the application of the contract is not to be extended unduly against the surety, and in favor of the principal, so as to hold the surety any further than is required by the express terms of the paper, as construed under the ordinary rules. Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669. The guaranty expired by its terms on the 4th day of December, 1892. The paper which was due at that time amounted to $10,500, and payment could have been demanded by the company on the 1st of December, and it at once could have proceeded to collect from the defendant her share of the amount which was then due upon the guaranty.

There can be no doubt that on the 1st of December the bank was in a situation to enforce the guaranty against those people who had signed it; but the defendant claims that by the giving of the note of December 1st, payable on demand after date, the term of payment of the paper was extended, so that as a matter of fact on the 4th of December, when the guaranty, by its terms, expired, there was no unpaid paper then due, and therefore she was not liable. This note was dated on the 1st day of December, 1892. It was payable, by its terms, on demand after date; and it became due at once, under the laws of Ohio. Insurance Co. v. Curtis, 35 Ohio St. 357. But even if it be said, as is claimed by the defendant, that, because the note was due on demand after date, no demand could be made until the day after the date of the note, yet that construction would make the note payable on the 2d day of December. As a matter of fact, however, it appears that the note was given after the day of its date; and it was due, therefore, like any other demand note, immediately upon its delivery, and it could have been sued on at once. McMullen v. Rafferty, 89

N. Y. 456. It did not, therefore, operate to extend the time of payment, or in any way discharge the surety. The seven original notes became due on the 1st day of December. There was no time after that date in which this payment was not actually due, and could not have been demanded, and payment compelled; so that these notes were precisely within the terms of the guaranty, as becoming due and remaining unpaid within one year from the 4th day of December, 1891. The court, therefore, at the trial term, was correct in the conclusion which it reached, that the defendant was liable to the bank for her proportionate part of her guaranty, which was the amount which it was permitted to recover.

It appears that after the commencement of this action the other guarantors, exclusive of the defendant, paid to the plaintiff the amount owing from the defendant. By that payment they clearly became subrogated to the rights of the bank against the defendant (Brandt, Sur. § 369; Cuyler v. Ensworth, 6 Paige, 32; Townsend v. Whitney, 75 N. Y. 425, 430), and were entitled to receive from the bank the principal undertaking itself, and to enforce, as against the defendant, the same right which the bank, the principal debtor, might have enforced. The interest of the bank was therefore transferred to them, and, pursuant to the express rule of the Code of Civil Procedure, the action might be continued in the name of the bank, which was the original party. Code Civ. Proc. § 756. The defendant had notice of the fact that the other guarantors had paid the amount claimed by the plaintiff upon this guaranty, and sought to be recovered from her, and that they claimed to be subrogated to the plaintiff's rights, and intended to continue the action in its name. If she had desired, she might have procured the other guarantors to be substituted as plaintiffs in the place of the bank; but, not having done this, she is not now in a situation to insist that the action should not proceed to judgment in the name of the original plaintiff. McGean v. Railway Co., 133 N. Y. 9, 30 N. E. 647.

The judgment was clearly right, and should be affirmed, with costs. All concur.