# Dominion Trust Co. *v.* Hildner, Appellant.

*Negotiable instruments — Promissory notes — Endorsement in blank—Banks and banking — Bona fide purchaser — Agency — Agent's knowledge of equities.*

1. The words "on demand" in a note do not make the demand a condition precedent to a right of action, but import that the debt is due and demandable, or at least that the commencement of a suit therefor is a sufficient demand.

2. To endorse a note in blank is equivalent to making it payable to bearer and thereafter the note is negotiable by delivery.

3. A bank officer who offers to his bank a note for discount is to be regarded in that transaction as a stranger and the bank is not chargeable with the officer's knowledge of fraud or want of consideration for the note, acquired in transactions not connected with his duties as a bank official.

4. In an action of assumpsit on a promissory note, made, and endorsed in blank, by the defendant, the affidavit of defense alleged that the note was purchased from a third person, who was at the time of purchase president of plaintiff company and who had knowledge of facts which would constitute a good defense to the note. It appeared that plaintiff's president had not acquired this knowledge while acting in any way for the plaintiff but while acting for himself or for another concern in a different transaction. The court entered judgment for plaintiff for want of a sufficient affidavit of defense. *Held,* no error.

Argued Oct. 24, 1913. Appeal, No. 73, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 1119, Docket C., for plaintiff on rule

for judgment for want of a sufficient affidavit of defense.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.   Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute.   Defendant appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Robert H. Leitch,* for appellant.

*Louis Caplan,* with him *George E. Reynolds, Scandrett & Barnett,* and *T. C. Noble,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense.   The plaintiff brought suit against the defendant as maker of a promissory note payable on demand.   It is suggested that the statement of claim does not show that plaintiff made demand upon defendant for payment before bringing suit.   This was not necessary.   As this court said in Andress's App., 99 Pa. 421, "the words 'on demand' in a note do not make the demand a condition precedent to a right of action; but import the debt is due and demandable immediately, or at least that the commencement of a suit therefor is a sufficient demand."   To the same effect is the decision in Swearingen v. Sewickley Dairy Company, 198 Pa. 68, where it was held as set out in the syllabus, "On an obligation for the payment of money on demand, the statute of limitations begins to run at once.   Suit is a sufficient demand, and must be brought within six years."   Nor was it necessary that the note should have been endorsed by the party from whom

plaintiff purchased the note. It was endorsed in blank by the defendant, which was equivalent to making it payable to bearer. After that the note was negotiable by delivery, Sec. 30 Negotiable Instruments Act of May 16, 1901, P. L. 194.

In the affidavit of defense it is alleged that the note was purchased from Mr. Lyon, who was at the time president of the plaintiff company, and that Lyon had knowledge of facts which would constitute a good defense to the note. But as the court below says his knowledge of the facts was not gained while acting in any way for the trust company. He was acting for himself, or for another concern, in a different transaction. And in selling the note to the plaintiff company, his interests were antagonistic. It is true that in another capacity he was the agent of plaintiff. But as was said in Gunster v. Scranton Illuminating Heat & Power Company, 181 Pa. 327, "no agent who is acting in his own antagonistic interest, or who is about to commit a fraud by which his principal will be affected, does in fact inform the latter, and any conclusion drawn from a presumption that he has done so is contrary to all experience of human nature." In the same opinion reference is made to the authorities which hold clearly that a bank officer who offers to his bank a note for discount is to be regarded in that transaction as a stranger, and the bank is not chargeable with the officer's knowledge of fraud or want of consideration for the note. This principle must be regarded as settled law. See Merchants' Nat. Bank v. Lovitt, 114 Mo. 519, and the cases there cited. We agree with the court below that the affidavit of defense contains no sufficient averment of actual notice to the plaintiff of any defense to the note. The affidavit is evasive and amounts merely to an averment of constructive notice. This is not enough. It is admitted that the note was genuine, was negotiable in form, and that appellee purchased it for value. There is no averment that plaintiff took the note with actual knowledge of any-

thing of a suspicious nature, much less that it acted in bad faith in any way, in the transaction.

The assignments of error are dismissed, and the judgment is affirmed.