FIRST STATE BANK OF GRAND RAPIDS v. B. W. UTMAN.[1]

February 16, 1917.

Nos. 20,118—(231).

**Bills and notes — accommodation indorsement — pleading.**

1. The answer of a defendant indorsing a note for the accommodation of the maker *held* insufficient to show that the plaintiff payee participated in misrepresentations claimed to have been made by the maker to induce him to indorse or that it had knowledge of them.

**Negotiable Instruments Act — action on demand note.**

2. When a note is payable on demand after date suit may be maintained though a demand has not been made.

**Action on note—payment—general denial.**

3. Where the complaint in a suit on a promissory note alleges that no part of the note has been paid, a general denial does not raise a material issue upon the question of payment, following First Nat. Bank of Shakopee v. Strait, 71 Minn. 69.

**Same — denial of value of attorney's fees — demurrer.**

4. A claim for attorney's fees for the prosecution and collection of a note is not a part of the cause of action on the note; and a denial in the answer of the value thereof alleged in the complaint does not raise an issue which prevents the plaintiff testing by demurrer the sufficiency of the answer as a defense to the note.

Action in the district court for Itasca county to recover $5,000 upon promissory notes. The substance of the separate answer of defendant Utman will be found in the second paragraph of the opinion. From an order, Stanton, J., sustaining plaintiff's demurrer to his answer, defendant Utman appealed. Affirmed.

*Ferris M. White* and *Kerr & Richardson,* for appellant.

*Thwing & Rossman,* for respondent.

DIBELL, C.

Action on two promissory notes made by the defendant Cohasset

[1] Reported in 161 N. W. 398.

Wooden Ware Company to the plaintiff and indorsed before delivery by the other defendants. The defendant Utman answered separately. The plaintiff demurred. The demurrer was sustained. The defendant appeals.

1. The indorsement of the defendant was made as an accommodation to the defendant company. His answer alleges that to induce him to indorse the officers of the company submitted to him a trial balance purporting to show its financial condition; that there was omitted from it a liability of $5,000; that it showed merchandise on hand amounting in value to $13,000; that such merchandise did not exceed in value $6,500, and that in reliance upon the trial balance he made the indorsement. It is not sought to connect the plaintiff with the furnishing of the trial balance or with knowledge of it, except by an allegation that it knew at the time it solicited and accepted the defendant's indorsement that there existed a claim of $5,000 which was not set forth in any of the statements of the company. The answer falls short of showing a misrepresentation in which the plaintiff participated or of which it had knowledge wrongfully inducing the defendant to become an accommodation indorser.

2. There is an allegation in the complaint that payment of the notes was demanded prior to the commencement of suit. The general denial puts this in issue.

By section 70 of the Uniform Negotiable Instruments Act (G. S. 1913, § 5882), presentment for payment is not necessary in order to charge the person primarily liable, but if the instrument is payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender. Except as otherwise provided presentment for payment is necessary to charge the indorser. The notes were payable on demand after date at the plaintiff bank in Grand Rapids and by their terms the indorsers waived presentment for payment, protest and notice of protest of nonpayment. The defendant does not claim that the waiver is not effective. See G. S. 1913, § 5894. His claim is that when a note is made payable on demand, as these were, an action brought before demand is premature, and, the allegation of demand being denied, the answer is good against demurrer. The rule under the Negotiable Instruments Act is, as is the prevailing though not universal rule in this country in the absence of statute, that a demand of payment is

not a prerequisite to suit.   Farmers' Nat. Bank v. Venner, 192 Mass. 531, 78 N. E. 540, 7 Ann. Cas. 690; Florence Oil Co. v. First Nat. Bank, 38 Colo. 119, 88 Pac. 182; Citizens' Savings Bank v. Vaughan, 115 Mich. 156, 73 N. W. 143; Dominion Trust Co. v. Hildner, 243 Pa. St. 253, 90 Atl. 69; Dewees v. Middle States C. & I. Co. 248 Pa. St. 202, 93 Atl. 958; 1 Daniel, Neg. Inst. § 643; 3 R. C. L. 1174, 1175; 7 Cyc. 965; Crawford, Neg. Inst. Law, § 70; Ogden, Neg. Inst. Law, 328.   We hold that it was not necessary to demand payment before action.

3. The complaint alleges that no part of the notes or interest thereon was paid, except certain interest.   The defendant contends that the general denial of his answer makes an issue upon payment, and that his answer is as much a defense as if he had alleged payment.   First Nat. Bank of Shakopee v. Strait, 71 Minn. 69, 73 N. W. 645, is to the contrary and we follow it.

4. The notes contained a stipulation to pay reasonable attorney's fees for prosecution of suit and collection.   The complaint alleges the reasonable value of such fees.   The defendant claims that his general denial put the reasonable value in issue and was therefore a defense good against the demurrer.   A claim for attorney's fees, in cases where they may be allowed, is not a distinct cause of action nor a part of the cause of action alleged, and is not to be submitted with the issues upon which the liability of a defendant depends.   In a proper sense such fees do not accrue until the services are performed.   Then, upon application to the court, their value may be determined and they may be allowed.   See Campbell v. Worman, 58 Minn. 561, 60 N. W. 668; Johnston Harvester Co. v. Clark, 30 Minn. 308, 15 N. W. 252.   If there should be final judgment for the plaintiff on the demurrer the defendant would be entitled to contest their value.   The answer did not make an issue on the value of attorney's fees which prevented testing by demurrer the sufficiency of the answer as a defense to the notes.

Order affirmed.