J. LEO JOHNSON *v.* JAMES K. LEARIE ET AL.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Sufficiency of Record To Raise Question as to Claimed Error in Granting Plaintiff's Motion for Directed Verdict—Principal and Surety—Acceptance of Demand Notes for Overdue Rent Not Extension of Time for Payment of Rent—When Extension of Time for Payment by Creditor to Principal Debtor Releases Surety—G. L. 1879—Acceptance of Demand Notes as Payment Jury Question.*

1. In action on bond, where transcript, which was referred to and made controlling, showed that plaintiff's motion for directed verdict was filed, granted, and an exception saved by defendant surety, question as to whether court erred in granting plaintiff's motion on grounds therein specified *held* sufficiently raised.

2. In action on bond to secure performance by lessees of conditions of lease, acceptance by lessor from lessees of certain negotiable notes payable "on demand after date," representing overdue rent, *held* not an extension of time for payment of rent, operating to release surety, since such notes were suable at same moment as original undertaking.

3. An agreement between creditor and principal debtor for an extension of time of payment does not affect liability of surety, in view of G. L. 1879, "unless such agreement is made upon a valuable consideration, and is in writing, or some note or memorandum thereof is in writing and signed by such creditor, or by some person thereto duly authorized, reciting briefly consideration upon which such contract is founded."

4. In action on bond to secure performance by lessees of conditions of lease, under G. L. 1879 surety was not released by reason of lessor having accepted demand notes for overdue rent, where no valuable consideration for notes appeared, unless notes were given in payment of rent.

5. In such action, question whether lessor's acceptance of demand notes for overdue rent was intended to, and did, operate as payment of rent so as to discharge surety, *held* for jury.

ACTION OF CONTRACT on bond. Plea, general issue. Trial by jury at the September Term, 1925, Washington County, *Thompson,* J., presiding. Verdict directed for plaintiff, and judgment on verdict. The defendant, Otis C. Sawyer, excepted. The opinion states the case. *Reversed and remanded.*

*Raymond Trainor* and *Paul Gilioli* for the defendant Sawyer.

*Melvin G. Morse* and *Theriault & Hunt* for the plaintiff.

SLACK, J. On September 15, 1921, the plaintiff and the defendants, James K. and Ina B. Learie, made and entered into a certain indenture, the material parts of which are these: The plaintiff thereby leased to the Learies the Hardwick Inn, so-called, together with certain personal property, for the term of three years commencing on that date, but subject to earlier termination as hereinafter set forth, for an annual rental of $2,500, to be paid in monthly installments of $208.34, the first installment to be paid at the time the indenture was executed. The Learies thereby agreed, among other things, to pay such rent at the times specified in such indenture, to pay for all electricity used in and about said building, and that, if at any time for the period of sixty days they neglected or refused to pay any installment of rent, or made default in any obligation to be performed by them, the plaintiff might treat the indenture as terminated and, without demand, enter and take possession of the premises. They further agreed to furnish plaintiff, at the time such indenture was executed, a bond signed by themselves and some party financially responsible conditioned for the payment of one thousand dollars, as liquidated damages, in the event that they breached any condition in such indenture that legally entitled the plaintiff to treat the same as terminated.

On the same day, the Learies, each as principal, and the defendant Sawyer, as surety, executed and delivered to plaintiff a bond in full compliance with the agreement therefor contained in the indenture.

This action is brought to recover the amount of such bond, the alleged breaches being failure by the Learies to pay the rent and electricity bills in accordance with the terms of the indenture. Sawyer, who alone defends, resists a recovery against him on the grounds that he was released from liability on such bond by an agreement between plaintiff and the Learies, made without his knowledge or consent, whereby the Learies were given an extension of time for the payment of the rent; and that the rent and electricity bills were fully paid by them. Trial was by jury. At the close of all the evidence, each party moved for a directed verdict. The grounds of the plaintiff's motion, in effect, were that the evidence showed a breach of the conditions of the bond by the failure of the Learies to pay the rent while they occupied the premises; by their failure to pay the rent after they quit the premises at the end of the second year; by their failure to pay the electricity bills; that the evidence tended to show a sum due plaintiff largely in excess of the bond; and that there was no evidence tending to support the claim of payment. The grounds of defendant's motion, here material, were that the evidence showed that he was released from liability on the bond in the manner above stated, and showed that the rent and electricity bills had been paid. The court overruled defendant's motion, and granted plaintiff's on all grounds thereof except 2 and 3, which it denied. To the action of the court respecting these motions, so far as it failed to recognize Sawyer's claims, he excepted.

[1] It is urged by Sawyer that the evidence showed that he was released from liability on the bond, and that it made a case for the jury on the question of whether the rent had been paid.

The plaintiff insists that since the grounds of his motion do not appear in the bill of exceptions nor in the transcript, which is, in effect, the bill of exceptions, these questions are not for consideration, and *Whitman* v. *Lowe,* 98 Vt. 152, 126 Atl. 513, is relied upon as supporting this claim. In that case, as in this, the bill of exceptions state that the ruling of the court respecting the motion was excepted to, and the transcript is made con-

trolling. But in that case, as appears from plaintiff's brief in this, the transcript disclosed nothing regarding the motion, while here the transcript shows that the motion was filed, that it was granted, and an exception saved by Sawyer. This was sufficient to save the questions relied upon. *Downing et al.* v. *Wimble,* 97 Vt. 390, 123 Atl. 433.

[2-4] So we come to the question of whether what took place between plaintiff and the Learies respecting the payment of rent, as appeared from the evidence, operated to release Sawyer. It appeared that plaintiff took certain negotiable notes of the Learies, which represented overdue rent, amounting in the aggregate to considerable more than the bond. All of such notes were payable "on demand after date." Being so payable did they afford an extension of time? Not if they were in effect demand notes, as we think they were, since if so they were suable at the same moment as was the original undertaking. Among the cases that support our conclusion as to the effect of notes payable as were these notes are *Hitchings* v. *Edmands,* 132 Mass. 338; *Fenno* v. *Gay,* 146 Mass. 118, 15 N. E. 87; *O'Neil* v. *Magner,* 81 Cal. 631, 22 Pac. 876, 15 A. S. R. 88, and *Schlesinger* v. *Schultz,* 110 App. Div. 356, 96 N. Y. Sup. 383. See also Daniel, Neg. Inst. (4th ed.), pars. 1215 and 89. Such, too, is the effect of the Negotiable Instruments Act, G. L. 2877. This was so held in *Schlesinger* v. *Schultz, supra.* It follows that these notes did not evidence an extension of time for the payment of the rent due. Moreover, whatever may be the rule elsewhere, an agreement between the creditor and principal debtor for an extension of the time of payment does not affect the liability of the surety, in this State, unless the agreement conforms to the requirements of G. L. 1879, which reads as follows: "Where the performance of a contract is secured by the obligation of a surety, an agreement made between the creditor and the principal debtor for the extension of the time of payment, or the performance of the contract, shall not have, at law or in chancery, any binding effect, unless such agreement is made upon a valuable consideration, and is in writing, or some note or memorandum thereof is in writing and signed by such creditor, or by some person thereto duly authorized, reciting briefly the consideration upon which such contract is founded." Other questions aside, a valuable consideration for these notes does not appear, unless they were given in payment of the rent, the effect of which it is unnecessary

to consider in this connection, since if such was their purpose no breach appears as the case is here presented.

[5]   It remains to consider whether the evidence made a case for the jury on the question of payment of the rent by the Learies.   This depends upon whether the notes already mentioned were intended to operate as such payment, since payment in no other way is claimed.   On this issue the burden of proof was with defendant throughout the trial (*Rutland Ry. Light & Power Co.* v. *Williams et al.*, 90 Vt. 276, 98 Atl. 85), although he was favored at the outset with the presumption that the notes operated as payment.   Whether such presumption served any purpose other than to shift the burden of evidence is unnecessary to decide, since its effect aside, the other evidence made a case for the jury on this issue.   So far as appeared, there was no talk between plaintiff and the Learies at the time the several notes were given respecting their effect as payment of existing rent.   The situation seems to have been simply this: It was inconvenient for the Learies to pay the rent at the time and the plaintiff asked for notes, saying that he could use them as collateral, and the Learies gave them.   The plaintiff's version of the purpose the notes were intended to serve rested on his own testimony, and that of his bookkeeper.   In chief, he testified, in substance, that the notes were not taken in payment, but to balance his books, keep his accounts straight, and in accordance with a custom he had followed for several years of taking notes to settle his accounts and books.   As to this custom, his evidence was corroborated by that of his bookkeeper.   On the other hand, the plaintiff admitted on cross-examination that the notes were in settlement, although he insisted not in payment of rent due at the time they were given; and Mr. Learie testified that he paid the rent reserved by the lease regularly during the time he occupied the premises. In addition to this, it appeared that plaintiff kept an account with the Learies so long as their relation of landlord and tenant existed.   While that account has not been furnished us, although an exhibit in the case and its production has been several times requested, we are satisfied from other evidence that the Learies were therein charged with the rent each month as it fell due, and were credited with such cash, checks, and notes as plaintiff received from them; that the notes in question were therein credited to the Learies and treated as having precisely the same

effect as payment as did the cash and checks received by plaintiff; that five of these notes were dated August 22, 1922, and were given for rent that was overdue and had been charged to the Learies; that such notes were credited to the Learies in that account; that the rent due September 16 was charged to the Learies, and they were credited with a check therefor dated September 21; that the rent due October 16 was charged to them, and they were credited with a check therefor dated November 4; that the rent for each of the following five months was charged to the Learies on the day due, and on each of such days they were credited with a note for the amount of the rent. Nothing appears in the transcript concerning the April, 1923, rent. The rent for May, June, July, August, and September, of that year was charged on the several days when due, and during those months the Learies paid plaintiff, at different times cash and checks amounting in the aggregate to $933.36, all of which he credited on the rent for those months, although no instruction so to do appeared; that none of the notes credited to the Learies were ever charged back to them, but still stood to their credit on that account as a payment of rent at the time of the trial. Then, too, they were permitted to occupy the premises without molestation, so far as appeared, until early in September, 1923. We think that plaintiff's treatment of these notes as shown by his account, and his forbearance to terminate the lease, together with the other evidence to which attention has been called, made a case for the jury on the question of whether such notes were intended to, and did, operate as payment of the rent. If they did, there was no breach of the bond in that respect for which Sawyer would be liable.

*Judgment reversed and cause remanded.*