RUTH B. DUBOIS *vs.* ROBERT P. GOLDSTEIN.

Bristol.    October 26, 1931. — October 27, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Requests, rulings and instructions. *Negligence,* Motor vehicle. *Way,* Public: right of way. *Motor Vehicle,* Operation.

A judge of a district court, hearing an action of tort for personal injuries sustained in a collision of motor vehicles at the intersection of two streets, where the evidence was conflicting on the issue as to which vehicle reached the intersection first, committed no error of law in granting, as statements of law, requests by the defendant for rulings of law as to the right of way based on the aspect of the evidence favorable to the defendant, and then finding facts favorable to the plaintiff and making a general finding for the plaintiff.

TORT. Writ in the Third District Court of Bristol dated January 27, 1930.

The action was heard in the District Court by *Gardiner,* J. The collision from which the plaintiff's injuries resulted occurred on February 1, 1929. The defendant asked for the following rulings:

"1. Goldstein was obliged to grant the right of way to a person approaching on his right only when that person was approaching the intersection at approximately the same instant.

"2. Goldstein had a right to rely on the fact that Sevitch would slow down upon approaching the corner and grant the right of way to him, Goldstein, providing Goldstein was passing through the intersection as Sevitch approached it.

"3. Goldstein was not obliged to suspend his passage

along Ash Street because somewheres in the distance on his right, he saw another car approaching."

As to each of such requests, the judge ruled: "Allowed as a statement of law." He found: "There was conflicting evidence in regard to which reached the intersection first but it was evident from all the evidence that the taxicab had the right of way," found for the plaintiff in the sum of $6,000, and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

*T. F. O'Brien,* (*G. P. Ponte* with him,) for the defendant.

*J. T. Kenney,* (*E. L. Marchant* with him,) for the plaintiff.

BY THE COURT. This is an action of tort to recover compensation for personal injuries alleged to have been sustained through the negligence of the defendant while each party was a traveller in a motor vehicle at the intersection of two streets. The defendant presented three requests for rulings touching the respective rights of travellers in motor vehicles at the intersection of streets. The trial judge allowed each of these requests as a statement of law. He thereafter found as facts that the motor vehicle in which the plaintiff was riding had the right of way and, in effect, that the defendant wrongfully interfered with this right of way, thereby causing the collision resulting in the injuries to the plaintiff. The evidence was somewhat conflicting. The judge therefore properly instructed himself as to the law concerning the aspect ·of the evidence most favorable to the defendant. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. The granting of these requests for rulings of law was not incompatible with the facts found. They did not imply a finding of the facts to which they were applicable. Having granted these requests from the viewpoint of the defendant, it was still his duty to find the facts as in his opinion the evidence required. In this there was no error of law.

*Order dismissing report affirmed.*