Zottoli, J.
This is an action of tort to recover damages for personal injuries alleged to have been suffered by the plaintiff as a result of the breaking of a chair in which he sat while attending a performance at a theatre owned and operated by the defendant. The defendant’s answer in substance is a general denial and contributory negligence. The report shows that- “the ownership and control of the theatre and the seat occupied by the plaintiff was agreed to by the defendant”; that “the evidence tended to show that the plaintiff paid his admission to the theatre on November 9, 1936 in the evening, and the plaintiff proceeded to the balcony and was seated and was watching the performance *342 for about an hour when the seat on which he was sitting broke and collapsed under him, causing the plaintiff to fall to the floor and against the iron and wooden framework of the adjoining seats, causing injuries to the plaintiff.” There also was evidence “to the effect that an inspection of all the seats was made by an employee of the defendant”; and “that the breaking and collapsing of the chair was caused by the breaking of a bolt which held the seat to the framework of the seats. ’ ’ The report further stated that ‘ ‘ there was no evidence of any contributory negligence on the part of the plaintiff.” At the conclusion of the evidence the plaintiff asked for the following rulings:
“1. Upon all the evidence the plaintiff is entitled to recover.
2. The defendant owed the plaintiff the legal duty of exercising reasonable care to maintain the chairs in a safe and suitable condition.
3. If the court finds that the chair broke when it was being properly used by the plaintiff, the court can infer that the condition would have been discovered before the accident by proper inspection.
4. In the absence of an explanation to account for the breaking of the chair, the court can infer that the failure to discover and remedy the defect was due to negligence on the part of the defendant.
5. The unexplained breaking of the chair is evidence of negligence, and the doctrine of res ipsa loquitur applies. ’ ’
■ The court denied the first request and granted his remaining requests. It then found for the defendant and filed the following memoranda:
“But though the evidence warrants finding the defendant negligent, I do not so find.”
It is apparent that the plaintiff is not, as of right, entitled to a review of any of his requests. We are not required to review the first request because it is a general *343 request without specifications and therefore does not comply with Rule 28 (1932) of our court. McGrath v. Sheehan, A. S. (1936) 2429.
It appears that the remaining requests were granted. It is well settled that a party has no right to a review of rulings granted at his request. Dennis v. Maxfield, 10 Allen 138, 143; Noble v. American Express Co., 234 Mass. 536, 539; Thomas G. Jewett Jr., Inc. v. Keystone Driller Co., 282 Mass. 469, 476; Woodman v. Haynes, 289 Mass. 114, 117, 118.
The report sets forth that “the plaintiff contends that he is aggrieved by the failure of the court to apply to the evidence the rules of law as laid down by him in the plain-ti^’s requests for rulings of law, which he allowed”; and that he “is further aggrieved by reason of the fact that the court stated in its finding that the evidence warrants finding the defendant was negligent, and there being no evidence of contributory negligence on the part of thé plaintiff, the court was, as matter of law, bound to find for the plaintiff.” The plaintiff’s contention, in brief, appears to be that the court has not followed the rulings it granted and, therefore, its special and general finding is inconsistent with its action on the rulings granted. The short answer to this contention is that it has not been properly saved; is not reported; and, therefore, is not properly before us for determination. Dugald Maclachlan et al., Administrators v. Walter L. Maclachlan, #1859 Northern District, Middlesex ss. Appellate Division, where a number of cases on the point in question are collected, and see Lender v. London, 286 Mass. 45, 47; Aluminum Products Company v. Regal Apparel Company, A. S. (1936) 2199. cf. DiLorenzo v. Atlantic National Bank, 228 Mass. 321, where the court points out that in a case where the general finding was inconsistent with requests granted “the proper course was to file a motion for its correction.”
*344 However, it may be useful to point out that there is no incompatibility in the court’s conduct in granting the plaintiff’s requests above set forth, and its special and general finding. The granting of these requests shows that the judge properly instructed himself as to the law pertinent' to such aspects of the evidence as was brought to his attention by the requests in question. Having granted these requests from the viewpoint of the plaintiff it was still the court’s duty to consider all the underlying factors involved in the case and to decide the issues relating to the negligence of the defendant as in its opinion the evidence required. Carmody v. Boston Gas Light Co., 162 Mass. 539, 542; cf. Dubois v. Goldstein, 277 Mass. 139, 140. In other words, it does not follow because a court grants rulings to the effect that there is evidence to warrant the court to find for the plaintiff, that it is required to do so. The granting of such a request simply means that there is evidence which will permit the finding suggested. Bresnick v. Heath, A. S. (1935) 2297, 2301; Maclachlan et al. Administrator v. Maclachlan, #1859, App. Div. Northern District, Middlesex ss. cf. Goldman v. Boston, No. 130457 Municipal Court, City of Boston, 31 App. Div. Rep. 61. Moreover, the burden of proof still remained on the plaintiff to establish negligence, even though the doctrine, res ips'a loquitur applied, for that rule “is one of evidence and not of substance.” Wilson v. Colonial Air Transport, Inc., 278 Mass. 420, 425.
The cause of the accident is stated — that a chair bolt broke. Whether it was negligence not to have foreseen and guarded against its breaking is another question. The evidence is maegre. Inspection might or might not show that the bolt was in danger of breaking. For aught that appears, the break may have been in á part of the bolt wholly concealed in the wood. We are in no position to say that the judge’s finding was wrong. If there was error in his rulings, that error favored the plaintiff.
Report dismissed.