COLONIAL BEACON OIL COMPANY, INC., Plaintiff, *v.* HAROLD F. JONES, FRED E. LEWIS and HARRIET B. LEWIS, Defendants.

Supreme Court, Trial and Special Term, Monroe County, July 20, 1937.

*Burton J. Greene,* for the plaintiff.

*Joe Schapiro,* for the defendant Fred E. Lewis.

PERSONIUS, J. The complaint alleges that defendants Lewis, in writing, guaranteed payment for merchandise sold by the plaintiff to the defendant Harold F. Jones; that plaintiff sold said merchandise to said Jones; that an account was stated between the

plaintiff and Jones in the sum of $402.75 and that " such statement is in the form of a demand note." It further alleges a balance due the plaintiff of $249.79 with interest.

The defendant Fred E. Lewis urges that the acceptance of the demand note paid the indebtedness, changed the form of the indebtedness and released him as guarantor.

The complaint alleges the indebtedness for merchandise sold and only incidentally refers to the note as " the form " of the account stated. However, assuming that the complaint is on the note, we think it states a cause of action.

Taking a note for a debt " does not in itself constitute payment or amount to a discharge of the debt." (48 C. J. 612; *Rukeyser* v. *Fountain & Choate, Inc.*, 185 App. Div. 263, 266.) At most there would be a question of fact as to whether the note was intended as payment.

The demand note was due forthwith and could be sued without demand. (*Wheeler* v. *Warner*, 47 N. Y. 519, 520; *McMullen* v. *Rafferty*, 89 id. 456, 458; *Shutts* v. *Fingar*, 100 id. 539, 542.) Being payable forthwith, it did not extend the time of payment and thereby discharge the surety. (*Fox* v. *Parker*, 44 Barb. 541; *Johnson* v. *Learie*, 100 Vt. 308; 137 A. 205, 206; *Bottineau Co. Bank* v. *Stafford*, 49 N. D. 942; 194 N. W. 393; *Farmers' State Bank* v. *Fausett*, 54 N. D. 696; 210 N. W. 638; *Fifth National Bank* v. *Woolsey*, 31 App. Div. 61, 65; Stearns on Suretyship, 120; 50 C. J. 138, 140, §§ 229, 231.)

Giving and receiving the note did not deprive the defendant of the right to question the amount of the claim or the quality of the merchandise. Even the obtaining of a judgment against the principal (Jones) would not bind the defendant here. (*Adams* v. *United States F. & G. Co.*, 239 App. Div. 525, 527, 528.)

In the cases cited by defendant there were definite and material changes in the contracts guaranteed. In one the lease guaranteed was canceled and a new lease made. In another the lease guaranteed was modified in material respects. In still another an individual note was taken for the guaranteed joint note and collateral returned. In *Peoples Bank* v. *Gates, Inc.* (258 N. Y. 561) the defendant's bond was given as security for a three months' note, while the note given was a demand note.

Submit order denying motion, with ten dollars costs.