## CONTINENTAL OIL COMPANY *v.* T. CLAYTON HORSEY ET AL.

[No. 61, October Term, 1939.]

*Decided November 29th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Edward T. Miller, Harry E. Clark, Jr.,* and *John Palmer Smith,* submitting on brief, for the appellant.

*J. DeWeese Carter,* with whom was *Thomas J. Keating Jr.,* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The parties to this appeal present the single question whether the giving of a note, payable on demand after date, for a pre-existing debt, discharged guarantors of that debt. In a suit by a creditor against the guarantors, a verdict for the defendants was directed at the close of testimony on the plaintiff's behalf, and from the judgment entered accordingly the plaintiff appeals.

The plaintiff is a dealer in gasoline, oils, and other merchandise, and in consideration of making a contract with William E. Cohee to sell its wares at a filling station, received from the defendants, on March 15th, 1934, a written agreement guaranteeing payment to the plaintiff of "any sum of money which may become due on account of stock shortage, cash shortage, or any form of shortage, that might occur due to the fault of William E. Cohee." The money limit of the liability was to be $1000. There was evidence of a shortage of $665.42 in the early part of the year 1937. The record contains a written statement by William E. Cohee admitting the shortage, and a note for the amount was given by him the same day, March 26th, 1937. The note is in a common form, reading that, "On Demand after date," the maker promises to pay the amount; and it provides for confession of a judgment.

The contention of the defendants and appellees is that by the taking of the note in this form there was a suspension of enforcement of the obligation for one day, until "after date," and that this was a material alteration

of the debt guaranteed which must release the guarantors. But that form, usually, and perhaps always, the result of writing the note on a printed blank, has been dealt with in a large number of cases in recent years, and there has been an almost unanimous opinion that the words "after date" do not give an extension of credit until the next day, and that a demand is not required to mature the note; in other words, that it is not to be distinguished at all from a note reading payable on demand simply. *Hitchings v. Edmands,* 132 Mass. 338; *Fenno v. Gay,* 146 Mass. 118, 15 N. E. 87; *City Nat. Bank v. Adams,* 266 Mass. 239, 165 N. E. 470; *Homewood People's Bank v. Hastings,* 263 Pa. 260, 106 A. 308; *Miners' State Bank v. Aukstokalnis,* 283 Pa. 18, 128 A. 726; *Webber v. Webber,* 146 Mich. 31, 109 N. W. 50; *Peninsular Sav. Bank v. Hosie,* 112 Mich. 351, 70 N. W. 890; *Fifth Nat. Bank v. Woolsey,* 31 App. Div. 61, 52 N. Y. Supp. 827; *Schlesinger v. Schultz,* 110 App. Div. 356, 96 N. Y. Supp. 383; *Johnson v. Learie,* 100 Vt. 308, 137 A. 205; *Turner v. Mining Co.,* 74 Wis. 355, 43 N. W. 149; *In re Hoagland's Estate,* 128 Neb. 219, 258 N. W. 538; *Spragins v. McCaleb,* 237 Ala. 658, 188 So. 251; *Hotel Lanier Co. v. Johnson,* 103 Ga. 604, 30 S. E. 558; *O'Neil v. Magner,* 81 Cal. 631, 22 P. 876; *Kenyon v. Youngman,* 59 App. D. C. 300, 40 Fed. 2nd 812; *Daniell, Negotiable Instruments* (7th Ed.), sec. 102; *Crawford, Negotiable Instruments Law,* 140. "An instrument payable 'on demand after date' is payable on demand." 4 *Williston, Contracts* (2nd Ed.), 3267. Uniformity of Maryland decisions with those applying the same law in other states is generally to be sought. *Whitcomb v. Nat. Exchange Bank,* 123 Md. 612, 616, 91 A. 689. And the authorities cited may be taken to have fixed the interpretation for commerce as well as for law.

A note payable on demand is payable immediately, without demand. *Blick v. Cockins,* 131 Md. 625, 630, 102 A. 1022; *First Nat. Bank v. Blackman,* 249 N. Y. 322, 330, 164 N. E. 113; *Dominion Trust Co. v. Hildner,* 243 Pa. 253, 90 A. 69; *Shuman v. Citizens' State Bank,* 27 N.

Dak. 599, 147 N. W. 388; *First State Bank v. Utman*, 136 Minn. 103, 161 N. W. 398; *Citizens' Sav. Bank v. Vaughan*, 115 Mich. 73 N. W. 143; 2 *Daniell, Negotiable Instruments* (7th Ed.), sec. 673. Limitations begin to run on the day of execution of such an instrument. *Darnall's Excrs. v. Magruder*, 1 H. & G. 439; *Fells Point Sav. Bank v. Weedon*, 18 Md. 320. Review of decisions in note 44 *A. L. R.* 397. And on that first day, it has been held, a bank receiving such a note may set it off against its liability on a deposit of the maker's. *Citizens' Sav. Bank v. Vaughan*, 115 Mich. 156, 73 N. W. 143.

For these reasons it is agreed in judicial decisions that the obligation of guarantors is not discharged by the taking of a demand note. See review of decisions on "Taking a demand note in renewal as releasing surety or indorser," 48 *A. L. R.* 1222. And see the following cases in several of which the notes considered were made payable "On Demand after date." *Continental Life Ins. Co. v. Barber*, 50 Conn. 567; *Exchange Nat. Bank v. Hunt*, 75 Wash. 513, 517, 135 P. 224; *Foster v. First Nat. Bank & Trust Co.*, 179 Okl. 496, 500, 66 P. 2nd 79; *Mercantile Trust Co. v. Donk*, Mo. Sup., 1915, 178 S. W. 113; *Bottineau County Bank v. Stafford*, 49 N. Dak. 942, 194 N. W. 393; *Farmers' State Bank v. Fausett*, 54 N. Dak. 696, 698, 210 N. W. 638; *Hall v. First Nat. Bank*, 5 Kan. App. 493, 47 P. 566; *Stearns, Suretyship* (4th Ed.), 120b.

There having been no discharge of the guarantors by this note, then, there was no lack of legally sufficient evidence for a verdict against them, and the direction of the verdict for them must be held erroneous. Other questions need not be considered.

*Judgment reversed and a new trial awarded, with costs.*