Rowe, J.
This is an action of tort for personal injuries in which the trial judge found for the defendant. The facts are succinctly stated in the following special finding of the trial judge :
“In response to a telephone call from the plaintiff the defendant sent a taxi cab to the plaintiff’s home. Upon arrival the plaintiff got in the cab instructed the driver to take her to Dr. Burke’s office in Quincy Square. While enroute the taxicab stopped at a house off Centre St. Quincy. When the taxicab came to a stop the door was opened by some person and a woman threw a lady’s handbag into the taxicab which struck the plaintiff in the face, causing her to be injured. The woman who threw the bag and others then got into the taxicab. From the facts it has not been shown that the defendant is responsible for the acts of this woman. ’ ’
The plaintiff filed two requests for rulings as- follows-:
“1. The defendant in operating a public conveyance for hire is held to a high degree of care.
*189 “2. The defendant as a conveyor for public hire, may be found liable for the slightest degree of negligence, if the plaintiff is in the exercise of due care.”
These requests were allowed.
The concluding paragraph in the report to us reads as follows: “The plaintiff claiming to be aggrieved by the finding of the court for the reason that such finding is inconsistent with the plaintiff’s requests for rulings which were allowed by said court, I hereby report the same to the Appellate Division for determination.”
The defendant argues that the plaintiff’s contention of inconsistency between the granted requests and the defendant’s finding is not open for consideration by us. There is force in this contention. See opinion of Nash J. in Richard v. Sylvia, recently decided by this Division.
But since the ultimate decision must be against the plaintiff in any event there is no objection to stating substantive grounds of law upon which the decision could rest. Com. v. McNary, 246 Mass. 46, 48.
The two requests of the plaintiff which were granted to the effect that the defendant as an operator of a public conveyance was held to a high degree of care and would be liable for the slightest negligence. The plaintiff argues that the granting of these requests makes it the law of the case. But that does not end the matter. The granting of these requests is not incompatible with the facts found, nor does the granting of the requests imply a finding to the effect that the standard of care required of the defendant did not exist. Having granted the requests of the plaintiff it was still the duty of the trial judge to find the facts and draw his conclusions which his view of the evidence required. Dubois v. Goldstein, 277 Mass. 139, 140.
But even if the defendant is bound to exercise the dégree of care required of a common carrier (McKnight v. Red *190 Cab Co., 319 Mass. 64) it cannot be said on the finding that the defendant was negligent. It was not negligent as matter of law. The question of negligence was treated as one of fact and the trial judge decided that there was no liability and found for the defendant. That finding was decisive of the case. Report dismissed.