*Municipal Court of the City of Boston*

No. 335314

**ALFRED J. McDONOUGH et al**

**v.**

**MICHAEL SANTANIELLO**

(October 22, 1952)

*Keniston, C. J.* This is an action of tort for libel in six counts. The first three counts relate to the male plaintiff and the last three to the female plaintiff. The issues raised in the report concern only the last three counts in favor of the female plaintiff, hereinafter referred

to as the plaintiff. These three counts allege that on three different dates, September 14, September 20 and October 19, 1951, the defendant maliciously libelled the plaintiff by posting in the window of his store a sign reading as follows:

"DELINQUENT ACCOUNT
Mr. & Mrs. McDonough
653 Bennington St.

| | | |
|---|---|---|
| 1st BALANCE | | $42.60 |
| 2nd " | | 12.40 |
| 3rd " | | 11.70 |

*TOTAL BALANCE DUE* $66.70"

The answer of the defendant is a general denial and truth.

There was evidence introduced to the following effect: The plaintiff was a housewife and unemployed, living at 653 Bennington Street, East Boston. She had dealt with the defendant who conducted a grocery store nearby for about four years. About September 14, 1951 she was in arrears to the defendant for groceries, according to her testimony, in the sum of $47.00, and according to the defendant of $66.70. On September 14, 1951 she saw a sign about four feet square in the defendant's store window, printed in red lettering with the legend as set forth in the declaration. As a result of seeing the sign she was made ill and nervous, was in bed and is still not in good condition. The sign was put in the window on two other occasions, as alleged in the declaration, and she saw the sign on each of these occasions. On the second occasion she felt ill and was treated by a doctor whose bill was $5.00 and she expended $1.80 for medicines. Her children saw the sign and as a result would not go to school and other children commented to her children about the sign.

The plaintiff testified that her reputation was damaged with several persons although she could not give the names of any such persons. There was also evidence that the defendant had conspicuously displayed a large sign in the inside of his store for about three years prior to September 14, 1951 and reading "Please pay your bal-

ance before I put your name on the board." The defendant testified that he was under the honest belief that he had a right to post in his window the name of delinquent customers.

The defendant filed certain requests upon which the court ruled as follows:

1. The publishing of the names of the plaintiffs as delinquent debtors is not libelous per se when the charge does not affect the plaintiffs in their business or profession.

> Denied. I find there was evidence of mental suffering in the instance case that was caused by these publications; See 215 Mass 450.

2. In the absence of any evidence or proof that the publishing of the names of the plaintiffs as delinquent debtors affected them in their business or profession, plaintiffs are entitled only to nominal damages.

> Denied. I find there was evidence of mental suffering in the instant case that was caused by these publications: See 215 Mass. 450.

3. The truth of the matter contained in the publication charged as libelous is a complete defense to the defendant unless the plaintiffs establish actual malice on his part.

> Allowed as a general proposition of law, but I find there was malice here in these publications.

4. Where the evidence established that the defendant displayed a large sign on the wall of his store with the legend "Pay your balance before I put your name on the board," intended for his customers in general, and not for the plaintiffs in particular, and where he was under the honest belief that he had a right to publish names of his delinquent debtors, there is no evidence of malice.

> Denied. I find that there was malice in these publications; See 279 Mass. 191.

The defendant claims to be aggrieved by the court's findings in the sum of $100. on count 1, $50. on count 2 and $50. on count 3, and by the court's denial of defendant's request for rulings Nos. 1, 2 and 4.

The defendant is not aggrieved by the court's finding for the plaintiff. It is upon requests and rulings thereon that a question of law is raised by the report. G. L. (Ter. Ed.) chapter 231, sections 108, 109.

> *Bresnick* v. *Heath,* 292 Mass. 293, 296
> *MacDonald* v. *Adamian,* 294 Mass. 187, 190
> *Burns* v. *Winchell,* 305 Mass. 276, 282
> *Carando* v. *Springfield Cold Storage Co.* 307 Mass. 99, 101

If the defendant wished to raise the question that the sign posted in the window was not libelous, he should have filed a request raising that question. He argues that the court erred in denying requests Nos. 1 and 2 on the ground that the plaintiff is entitled to only nominal damages because the evidence was insufficient to establish that the plaintiff's reputation was affected or that she was injured in her business or professional capacity.

A person libelled is entitled to recover damages for "mental suffering and distress and for illness suffered by him in consequence of the libel, for loss of reputation in his profession and for loss and withdrawal of business." *Sweet* v. *Post Publishing Co.* 215 Mass. 450, 456.

While all of these elements of damage may not have been present in the case at bar, we think that the evidence was sufficient to support some of these elements of damage, that these damages were not merely nominal and that it can hardly be said that the amounts found as damages by the court were not justified.

While the defendant concedes that the court's ruling on request No. 3 was correct, that is, in granting the request the ruling that "the truth of the matter contained in the publication charged as libelous is a complete defense to the defendant unless the plaintiff establishes actual malice" (G. L. (Ter. Ed.) C. 231, 292; *C.* v. *Harmon,* 2 Gray 289, 292, 293), he contends that the granting of the request implies the finding of truth but found malice in the publications. It does not follow that the granting of the request implies the finding of such fact. *Dubois* v. *Goldstein,* 277 Mass. 139.

[57]

But whether the court found that the statement alleged as libelous was true is immaterial so long as the court found there was malice. G. L. (Ter. Ed.) c. 231, § 92, and it can hardly be said that the evidence did not justify a finding of malice on the part of the defendant. The defendant's belief that he had the right to post names of debtors in his window is no justification for the libel.

*Sweet* v. *Post Publishing Co.* 215 Mass. 450.

There was no error in denying request No. 4, as well as requests numbered 1 and 2.

Report dismissed.

William M. Bagley, for the Plaintiff.

Stone & Glaser, for the Defendant.